[Civ. No. 2041. First Appellate District.—June 22, 1917.]

KATE McGAVIN, Respondent, v. SAN FRANCISCO PROTESTANT ORPHAN ASYLUM SOCIETY (a Corporation), et al., Appellants; J. C. FITZSIMMONS et al., as Trustees, etc., Defendants.

ESTATES OF DECEASED PERSONS—SETTING ASIDE OF DECREE OF DISTRIBUTION—EXTRINSIC FRAUD.—While a distributee of an estate under an erroneous judgment may in a proper case be held as an involuntary trustee, the fraud or mistake forming the basis of that relation and warranting the granting of equitable relief by setting aside a decree must be extrinsic or collateral to the matter which was tried and determined by the court, and not intrinsic.

Id.—Decree of Distribution—Void Provision of Will—Mistake as to Validity—Setting Aside of Decree.—Where, owing to the negligent failure of the attorney for the executors of a will to apprehend the effect of section 1313 of the Civil Code, making a charitable bequest void in a case where the testator died within thirty days of the making of the will, and to the negligence of the executors who knew of such effect, but failed to read the petition for distribution before signing it, the estate was distributed according to the will, the decree of distribution will not be set aside at the suit of an heir who knew the void provision but made no objection thereto.

Id.—Conclusiveness of Decree of Distribution.—A decree of distribution is a judgment in rem, and, though erroneous, is as conclusive as against one who fails to appear, having opportunity to do so, .as it is against a party whose fault produced the error.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. William H. Waste, Judge.

The facts are stated in the opinion of the court.

Charles W. Slack, and Chauncey S. Goodrich, for Appellant San Francisco Protestant Orphan Asylum Society.

Aaron L. Sapiro, for Appellant Pacific Hebrew Orphan Asylum and Home Society.

W. H. Barrows, for Appellant Roman Catholic Orphan Asylum of San Francisco.

Gibson & Woolner, for Respondent.

Fitzgerald, Abbott & Beardsley, for Defendant Trustees.

KERRIGAN, J.—This is an appeal from a judgment setting aside a decree of distribution, and from an order denying a motion for a new trial.

On March 6, 1909, Charles Louis Scrimger died leaving surviving him as his only heirs Nancy Scrimger, his mother, and Kate McGavin, his sister, the plaintiff. On February 20th of the same year—less than thirty days prior to his death —he executed his will by the terms of which he bequeathed the bulk of his estate to his executors as trustees under a trust

created thereby. The trust thus created was to terminate upon the death of either the mother or sister, when two-thirds of the trust estate was to be distributed to the survivor of them, and the remaining third to certain charitable institutions, three of which are the appellants herein. Admittedly these charitable bequests failed by reason of the testator dying within a period of thirty days of the making of his will, but nevertheless the probate court on January 5, 1911, distributed the estate of Charles Louis Scrimger in accordance with the terms of his will including those rendered void by reason of the provisions of section 1313 of the Civil Code. From this decree no appeal was taken.

On March 20, 1912, Nancy Scrimger died. Thereafter demand was made by Kate Scrimger, the survivor under the terms of the trust, that the whole of the estate be given to her by the trustee. This demand was refused, and this suit was brought by her praying for a decree declaring void the provision of the decree of distribution theretofore made and entered by which one-third of the estate was decreed to go to said charitable institutions, and that the trustees be declared to hold such interest in trust for plaintiff. The trustees answer admitting the allegations of the complaint, and prayed for such a decree as might be proper in the premises; but the charitable institutions by their answer denied plaintiff's right to any relief, and claimed ownership of said one-third of said estate. Judgment was rendered for the plaintiff by which it was declared that the decree of distribution in the estate of Charles Louis Scrimger, in so far as it purported to distribute one-third of such estate to charitable institutions, was void. From such judgment and the order denying a new trial this appeal is taken by the three institutions above named.

The respondent's claim to the equitable relief thus granted is based upon allegations to the effect that she and her mother, in the latter's lifetime, believed that the probate court, the executors, and their attorney would secure a proper distribution in accordance with law, and not as the testator had attempted to provide in his void bequest, and upon the contention that their neglect in failing to make an examination to see if this had been done is excusable.

The evidence shows that the plaintiff and her mother were represented by attorneys in the probate of the Scrimger estate

for a year and a half after the probate proceedings were instituted; and the trial court in its findings declared that the attorney for the executors at all times knew that the testator died within thirty days after the making of his will, but did not realize the effect of this fact on the bequest until after the death of Nancy Scrimger. The findings disclose further that at the date of the probate of the will it was known to the executors, to Nancy Scrimger, and the plaintiff herein, as also to the attorneys of these ladies, that the will contained a void provision. It thus affirmatively appears that all of the interested parties, except the attorney for the executors, knew both the fact and the legal effect thereof. Notwithstanding this, the attorney for the executors, unaware of or not realizing the invalidity of the bequest, prepared and presented a petition for final distribution conforming to the provisions of the will, which petition was signed by the executors without having been first read by them. No fraud is charged or found in the procurement of the decree, the judgment of the trial court herein being based solely on the mistake of the attorney for the executors as above narrated.

It is the contention of the appellants that equity will not relieve against an erroneous judgment or decree on the ground that it is erroneous unless it appears that the parties seeking such relief could not avail themselves of their defense in an action at law, or that they were prevented from doing so by fraud, accident, or mistake without fraud or negligence on their part.

Under what circumstances a decree of distribution is subject to review in equity is elaborately pointed out by Mr. Justice Shaw in *Bacon* v. *Bacon,* 150 Cal. 477, [89 Pac. 317], where the cases in this and other jurisdictions are carefully reviewed and considered. Plaintiff's attorneys have cited us to that case as authority in support of the judgment. We cannot subscribe to their interpretation of that authority. As we read the decision, the conclusion reached by the learned justices is to the effect that while a distributee under an erroneous judgment may in a proper case be held as an involuntary trustee, the fraud or mistake forming the basis of that relation and warranting the granting of equitable relief by setting aside a decree must be extrinsic or collateral to the matter which was tried and determined by the court, and not intrinsic. It is true that the relief prayed for here was

granted in that case, but upon the sole ground that the mistake was a common one shared in by all the parties, and not caused as here by negligence of a rather pronounced character. The California decisions, as pointed out in the Bacon case, are uniform upon the subject. (*Pico* v. *Cohn,* 91 Cal. 135, [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537]. See, also, *Rountree* v. *Montague,* 30 Cal. App. 170, 181, [157 Pac. 623].) The rule is the same in the case of either fraud or mistake. (*Bacon* v. *Bacon, supra.*) As instancing what extrinsic fraud or mistake may consist of, our supreme court has said that it may result from (1) keeping the unsuccessful party away from the court by a false promise of a compromise; (2) purposely keeping him in ignorance of the suit; (3) where an attorney fraudulently pretends to represent a party and connives at his defeat; (4) being regularly employed corruptly sells out his client's interests. (*Pico* v. *Cohn, supra; Rountree* v. *Montague, supra.*) No such situation is presented here. The mistake complained of was one made by the attorney for the executors, and was due solely to his failure to apprehend the effect of a provision of our Civil Code when applied to the facts within his knowledge, which failure must be held to constitute negligence. Plaintiff was not induced by said attorney or anyone else to refrain from appearing in the proceeding. It is admitted that both she and her mother at all times knew of their rights, and they had both been represented by an attorney who correctly advised them as to the invalidity of the provision of the will in question; yet they both failed to follow the proceedings in the estate, and at the distribution thereof neglected to object either in person or by attorney. This cannot be said to constitute a mistake which may be corrected by this proceeding. The one explanation given by the plaintiff as an excuse for not so appearing is that she had a right to believe that the executors and their attorney would procure a proper and legal distribution of the estate. In this connection we are reminded by the respondent that the executors exercised a trust relation toward the legatees, and were bound to the utmost good faith in their transactions with the beneficiaries. While this is true, it is sufficient to say in answer thereto that it is not claimed that they were at any time guilty of fraud, or that they misrepresented any fact to the respondent; or that she was prevented from availing herself of the

invalidity of the bequest.  She was in possession of all of the facts, and gross inattention and negligence contributed to the situation of which she complains.  Such conduct cannot be said to constitute excusable neglect from the consequence of which a court of equity will grant the relief here sought.  It must be remembered that a decree of distribution is a judgment *in rem,* and although erroneous, is as conclusive against one who fails to appear, having the opportunity so to do, as it is against a party whose fault produced the error (*Smith* v. *Vandepeer,* 3 Cal. App. 300, [85 Pac. 136]; *Lynch* v. *Rooney,* 112 Cal. 279, [44 Pac. 565]).

In conclusion, it may be said that in the absence of the explanation given by the plaintiff the conduct of the parties is inexplicable except upon the theory that the mother and sister of the deceased had originally concluded that the orphanages designated in the invalid provision of the will should receive the benefit of the bounty of their relative regardless of its vulnerability to attack; and that the present suit, instituted after the death of the mother, is the result of an afterthought and a changed attitude on the part of the plaintiff.  However this may be, for the reasons heretofore given we are of the opinion that the plaintiff, under the facts presented, is not entitled to the relief granted by the judgment of the court below.

In view of the conclusion reached, it becomes unnecessary to determine the question of procedure raised by the appellants.

The judgment and order are reversed.

Lennon, P. J., and Richards, J., concurred.