[Civ. No. 8536. First Appellate District, Division One.—September 16, 1932.]

DORIS ABELS et al., Appellants, v. ANNA FREY et al., Respondents.

50

Augustin Donovan and James R. Agee for Appellants.

Snook & Snook & Chase for Respondents.

LAMBERSON, J., *pro tem.*—The appellants have taken this appeal from a judgment against them as plaintiffs, following an order of the trial court sustaining a demurrer of the respondent Elizabeth Vanier, and a separate demurrer of the other respondents to the second amended complaint of appellants, entered after the latter had declined to avail themselves of the order of the court granting them leave to amend their complaint, if so advised.

The second amended complaint sets forth in substance that one Catherine Leveroni died May 22, 1927, and was a resident of Alameda County at the time of her death; that she left a will dated February 5, 1927, in which she named her daughter, Ursula Mangini, executrix of her will; that the will was admitted to probate on June 13, 1927, and by it the testatrix gave all of her property to six children, including Ursula Mangini, who has since deceased, to be by them taken share and share alike; that Catherine Leveroni had in all, seven children, one of whom, Rose Leveroni, who was not named in the will, died about August

15, 1921; that six children survived her, one of whom, Richard Leveroni, died about May 15, 1926, leaving two children, William Leveroni and George Leveroni, who are minors and represented herein by guardians *ad litem;* that shortly after the death of Catherine Leveroni, defendant Elizabeth Vanier stated to plaintiffs that Catherine Leveroni left a will by which she left all of her property and estate to the five living children of said deceased, share and share alike; that plaintiffs thereupon asked said defendant "if plaintiffs or the mother of plaintiffs" were mentioned or provided for in said will; that defendant answered in the negative; that plaintiffs thereupon asked said defendant why this had not been done; "that said defendant answered that she and her living brothers and sisters had employed one of the best lawyers in the City of Oakland, State of California to prepare and draw said will, that said lawyer had thereupon prepared said will and had brought the same to the bedside of said Catherine Leveroni where it was signed and executed by her and that the law of the State of California at that time provided that a dead child of a decedent did not need to be mentioned or provided for in the will of said decedent; said defendant further stated that the law of said state formerly required that something had to be left by a parent to a dead child even though it was only the sum of one dollar but that said law had been changed and now provided as aforesaid and that the law now was that under the circumstances as aforesaid stated the plaintiffs were entitled to none of said estate; that as a result of these said statements plaintiffs were led to believe and did believe that they could take nothing from the estate of said Catherine Leveroni; that in reliance upon said statements so made as to the law plaintiffs did nothing further at that time; that said statement of the law as aforesaid was not correct but in truth and in fact said law provided at all times since the year 1872 that a testator's child or issue of a deceased child of the testator should be mentioned or provided for in the will of said testator and that in the absence thereof such child or such issue of a deceased child took that share of the testator's estate to which he, she or they would have been entitled had no will been left by said testator. That plaintiffs received no advice of any kind concerning the

above save and except from defendant Elizabeth Vanier, as aforesaid, until the time and in the manner hereinafter in this paragraph alleged: That on the 8th day of July, 1929, plaintiffs consulted the attorneys who are the attorneys for the plaintiffs in this action concerning their rights in and to the estate of a deceased aunt''; that on August 16, 1929, plaintiffs employed attorneys, who commenced this action on September 18, 1929; that no notice of the probate proceedings was ever given plaintiffs or any of them; that the petition for letters testamentary omitted all mention of said plaintiffs; that no paper or pleading on file in said probate proceedings ever mentioned the plaintiffs, and none of them were ever mentioned, or ever appeared in said proceedings held therein, and the court was never informed of the existence of the plaintiffs, or any of them, or of the ''deceased mother of the plaintiffs'' (the complaint undoubtedly referring to Rose Leveroni, who was the great-grandmother of the minors represented in this action); that on May 4, 1928, the respondent executrix filed a petition for final distribution, and on May 14, 1928, the court granted such petition and distributed to each of the six children named therein, an undivided one-sixth of the property, which was all real property; that none of said property has changed hands or ownership since the distribution, except as a change has been occasioned by the death of Ursula Leveroni, and also excepting a deed of trust executed by the respondents to certain banking and trust corporations named as defendants.

The second amended complaint further alleges that plaintiffs are entitled to a share of the estate in accordance with the laws of succession of California; that they have no adequate remedy at law, and ask that the court declare the interest of each in and to the real property described in the complaint, and to the rents, issues and profits thereon, which have been enjoyed by the respondents since the distribution of said property to them. The complaint does not set up the final decree of distribution.

The demurrers are upon the ground that the amended pleadings do not state facts sufficient to constitute a cause of action in favor of any of the plaintiffs, and that the minors, great-grandchildren of Catherine Leveroni, are improperly joined as parties to the action, it being contended

that they are not issue of Catherine Leveroni within the meaning of section 1307 of the Civil Code.

The amended complaint does not allege affirmatively that the various notices provided for by law were not given as required by statute, and the allegation that no notice was ever given to the plaintiffs or any of them does not negative the presumption that in the absence of plaintiffs' allegations to the contrary, each notice was duly given in the manner and at the time provided by law. The inferences are, from the pleadings, that the order admitting the will to probate, and the order granting the decree of final distribution, were made upon proper notice. In support of the judgment, it must be presumed that the notice of the time and place of hearing was given in accordance with the provisions of the Code of Civil Procedure. (*Clavey* v. *Loney,* 80 Cal. App. 20 [251 Pac. 232]; *Estate of Davis,* 151 Cal. 318 [121 Am. St. Rep. 105, 86 Pac. 183, 90 Pac. 711]; *Hanley* v. *Hanley,* 114 Cal. 690 [46 Pac. 736].)

The presumption being that proper notice has been given when there is no allegation to the contrary, it is the duty of the person notified to make inquiry as to the proceedings pending. (*Langdon* v. *Blackburn,* 109 Cal. 19 [41 Pac. 814].) In *Miller* v. *Pitman,* 180 Cal. 540 [182 Pac. 50, 51], the court said: "The law does not require personal notice to be given of the presentation and pendency of a petition for final distribution, and, the complaint in the present case failing to allege that the notice required by law was not given, it will be presumed that such notice was given." (Citing cases.)

The jurisdiction of the probate court is a jurisdiction *in rem,* the *res* being the estate of the decedent which is to be administered and distributed with regard to the rights of creditors, devisees, legatees and all the world. (*Warren* v. *Ellis,* 39 Cal. App. 542 [179 Pac. 544]; *Nicholson* v. *Leatham,* 28 Cal. App. 597 [153 Pac. 965, 155 Pac. 98].) By giving the notice prescribed by the statute, the entire world is called before the court, and the court acquires jurisdiction over all persons for the purpose of determining their rights to any portion of the estate, and every person who may assert any right or interest therein is required to present his claim to the court for its determination. Whether he appears and presents his claim, or fails to

appear, the action of the court is equally conclusive upon him, " 'subject only to be[ing] reversed, set aside, or modified on appeal' ". The decree is as binding upon him if he fails to appear and present his claim, as if his claim, after presentation, had been disallowed by the court. (*William Hill Co.* v. *Lawler*, 116 Cal. 359 [48 Pac. 323]; *Mulcahey* v. *Dow*, 131 Cal. 73 [63 Pac. 158]; *Hanley* v. *Hanley, supra.*)

In a proceeding admitting a will to probate, the judgment is final and conclusive after the expiration of six months from the time it was admitted to probate, except as to minors and lunatics, and such an order may not be attacked upon the ground that intrinsic fraud was practiced on the court in procuring the probate of the will. (*San Diego Trust & Savings Bank* v. *Heustis*, 121 Cal. App. 675 [10 Pac. (2d) 158]; *Tracy* v. *Muir*, 151 Cal. 363 [121 Am. St. Rep. 117, 90 Pac. 832, 834].) The same rule applies to the decree of distribution. (*Smith* v. *Vandepeer*, 3 Cal. App. 300 [85 Pac. 136].) The stability of titles, judgments and decrees requires a strict adherence to the principles underlying the provisions of section 1908 of the Code of Civil Procedure. (*Lynch* v. *Rooney*, 112 Cal. 279 [44 Pac. 565].)

In *Estate of Davis, supra* (p. 323), the court said: "But the procedure of this state contemplates in the administration of the estates of deceased persons a series of different proceedings, each of which is, as to the matters embraced within its purview, separate. And an adjudication as to each step in this series is intended to be final in its nature, and not subject to review in a subsequent stage of the administration of the estate."

A person who is interested in the estate of a deceased person, who has had the notice required by law, becomes in point of law an actor in the proceedings, and is bound by the result. (*Estate of Allen*, 176 Cal. 632 [169 Pac. 364]; *Nicholson* v. *Leatham, supra.*)

It is fundamental that a judgment or decree of a court of competent jurisdiction can be set aside for fraud only where the fraud alleged is shown to be extrinsic or collateral to the matter which was tried and determined by such court, as opposed to intrinsic or direct fraud practiced in the presentation of the proceedings coming before the court. (*Rountree* v. *Montague*, 30 Cal. App. 170 [157 Pac.

623].) As types of extrinsic fraud, the courts of appellate jurisdiction of this state have adopted the classic definition, found in *United States* v. *Throckmorton,* 98 U. S. 61 [25 L. Ed. 93], in which the Supreme Court of the United States said: "But there is an admitted exception to this general rule in cases where, by reason of something done by the successful party to a suit, there was in fact no adversary trial or decision of the issue in the case. Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side,—these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing." (See *Pico* v. *Cohn,* 91 Cal. 129 [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537]; *Langdon* v. *Blackburn, supra; Nicholson* v. *Leatham, supra; Rountree* v. *Montague, supra; McGavin* v. *San Francisco P. O. A. Soc.,* 34 Cal. App. 168 [167 Pac. 182].) The gravamen of the rule thus expressed lies in the fact that " 'the unsuccessful party has been prevented from exhibiting fully his case' ". (*Bacon* v. *Bacon,* 150 Cal. 477 [89 Pac. 317, 322].)

The acts alleged to constitute extrinsic fraud must be such as operate to prevent the heir from appearing in the probate court, and thus contesting the proceedings then before the court, and exhibiting in its entirety his case against the action sought for being taken, whether it be the probate of a will, or a petition for final distribution; otherwise a court of equity is without jurisdiction to afford relief. (*Nicholson* v. *Leatham, supra.*)

In the light of the authorities cited, we do not find that the allegations of the second amended complaint in the instant case state a case of extrinsic fraud against any of the respondents. The complaint alleges that shortly

after the death of Catherine Leveroni, the defendant, Elizabeth Vanier, stated to plaintiffs that the deceased left a will; that she had devised all of her property to the living children of the deceased; that the will did not mention the "mother" of plaintiffs; that in response to the question why plaintiffs' "mother" had not been mentioned, Elizabeth Vanier told them that the living brothers and sisters had employed one of the best lawyers in Oakland to prepare and draw a will; that such lawyer thereupon prepared a will and took it to Catherine Leveroni for execution; then follow allegations as to what Elizabeth Vanier said about the laws of California relating to the omission of a child and all issue of a deceased child from the provisions of a will; also alleging that plaintiffs relied on said statements and did nothing about the matter until they consulted attorneys on July 8, 1929, more than two years after the will was admitted to probate, and over a year after the decree of final distribution was granted.

It is clear that plaintiffs knew of the death of their grandmother, and that she left an estate and a will from which they were omitted, and that they thought they had some interest in the estate, or should have been remembered. The fact that Elizabeth Vanier told them they had not been mentioned in the will and her statements as to the law, which may have been simply incorrect or wilfully false, should have put them on inquiry. The facts alleged in the complaint do not disclose a condition embraced within the definition of extrinsic fraud accepted by the courts of California. The statements of Elizabeth Vanier were but conclusions on her part as to the law, and not a misstatement or concealment of any fact which operated to prevent the appellants from making inquiry in due time, or from having a trial of their cases before the court. There is no allegation that Elizabeth Vanier knew that the appellants were entitled to share in the estate, or that she knew her statements of the law were incorrect. There is no showing in the complaint that appellants were at any time absent from the county where the probate proceedings were had, or in a position where they could not obtain advice as to their legal rights; nor is there a showing that any information in regard to the death of the decedent, the execution of the will or the terms thereof, or of the property embraced

in the estate, was suppressed by any of the respondents, and particularly by the respondents other than Elizabeth Vanier. There is no allegation or showing that the other respondents connived or conspired with Elizabeth Vanier to suppress information or that they, by themselves, or through her, gave any false information to appellants, or conspired with Elizabeth Vanier, or caused her to make any of the statements ascribed to her in the amended complaint; further, there is no allegation that appellants were induced or persuaded by any of the respondents to refrain from appearing in the proceedings.

In the case of *Langdon* v. *Blackburn, supra,* it was alleged, in a complaint to enforce a trust, that certain heirs at law had conspired to defraud the plaintiff, who was a sister of a decedent who had omitted to mention her in his will, and had sent the plaintiff's son to her to inform his mother that her entire interest in the estate of her brother was only a small sum, which she accepted as her share of the estate. It was held that the complaint was subject to demurrer, because it did not show extrinsic fraud in the absence of a showing that the son said to his mother anything about the terms of the will, or the probate thereof, or advised her or suggested that it was not necessary for her to be present at the hearing of the petition for the probate of the will, or to employ counsel to represent her, or to make any inquires about the will or the estate.

In *Tracy* v. *Muir, supra,* the court said: "It is further to be observed that the amended complaint is destitute of allegation of any act on the part of any of the alleged conspirators, the effect of which could have been to prevent the plaintiff from appearing in the probate court at any time within one year after the probate, and contesting the will upon all or any of the grounds specified in the statute, including the very ground upon which she here, bases her claim,—viz., that the will had never been executed by the deceased, but was a forgery. . . . This rule we take to be absolute, at least in every case where there has been no breach of duty arising from a fiduciary relation on the part of those securing the probate of the will, no such extraneous fraud as operates to prevent the heir from appearing in the probate court and there contesting the will and exhibiting fully his case against the same, and no

58

lack of actual knowledge of the pendency of the probate proceedings operating to deprive the heir of an opportunity to so appear in the probate court and make his contest.'' To the same effect are *McGavin* v. *San Francisco P. O. A. Soc., supra; Mulcahey* v. *Dow, supra; Nicholson* v. *Leatham, supra.*

Our conclusion, in view of the foregoing authorities cited, must be that the appellants had due notice of the proceedings in the estate of their grandmother, or great-grandmother, and that they did not use due diligence in ascertaining what their rights were in reference thereto. The principle underlying the law as to the charging and showing of extrinsic fraud, is that there must be some end to litigation. The second amended complaint is deficient for the reason that it does not state a condition of facts or fraudulent acts sufficient to authorize a court of equity to grant the relief prayed for, and the demurrer was properly sustained upon the ground that the amended complaint does not state facts sufficient to constitute a cause of action against defendants, or any of them.

The conclusion which we have expressed, being decisive of the matter before us, we desire to express no opinion as to the other questions presented in the arguments of counsel for appellants and respondents, or as to the other grounds which form the basis for the demurrer. The guardians of the respective minors, who are appellants herein, should take such action as they may be advised.

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.