[Civ. No. S. C. 45. Second Appellate District, Division One.—April 30, 1937.]

WILLIAM NEIL McLAUGHLIN, Appellant, v. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), as Trustee, Respondent.

John W. Carrigan and J. Vincent Hannon for Appellant.

Newlin & Ashburn, C. Hudson B. Cox and A. W. Ashburn for Respondent.

THE COURT.—Plaintiff's complaint having been tested by demurrer and found lacking, the demurrer was sustained without leave to amend and a judgment of dismissal entered.

604

It is from this judgment that the plaintiff has appealed. We are of the opinion that the determination of the trial court was correct; the complaint does not state facts sufficient to constitute a cause of action.

From the complaint we find that, plaintiff's grandmother having provided in her will that $3,000 should be left in trust for him until he attained the age of thirty, that sum was in 1925 distributed to the defendant's predecessor in responsibility, Security Trust & Savings Bank, as trustee for the plaintiff. The trustee, Security Trust & Savings Bank, was succeeded by the defendant during the life of the trust; we need not distinguish between them. The trustee in its operation as a bank had a number of notes secured by trust deeds or mortgages against which it issued participating certificates. In these participating certificates the bank, as trustee in many trusts, invested the funds it held, and in this manner it invested the $3,000 it held in trust for the plaintiff. The fault the plaintiff finds with the purchase of the certificates, referred to in the first and second reports and accounts rendered by the trustee, is that the certificates were void because they were securities issued without a permit from the commissioner of corporations. This same objection is made to the certificate referred to in the third and fourth account and further objection is made that the security back of this certificate was woefully inadequate, the market value of the land being less than 10 per cent of the mortgage and the makers of the mortgage being insolvent.

Four reports and accounts of the trustee to the court are mentioned, the fourth being the final account rendered after the plaintiff attained the age of thirty. The complaint is silent as to the dates upon which they were rendered or when they were confirmed and approved. To the extent noted later, these reports referred to the investments that had been made, and, as already noted, the reports were confirmed and approved.

The activities of a trustee are properly reported to the probate court. (Sec. 1120, Prob. Code.) Its decree approving these activities, when final, is "conclusive upon all persons in interest". (Sec. 1123, Prob. Code.) The complaint contained no allegations that due notices of the hearings on the accounts had not been given, so we must presume that proper notices were given. (*Abels* v. *Frey,* 126 Cal. App. 48 [14 Pac. (2d) 594].) In the premises, the decrees

confirming the accounts were conclusive on the plaintiff; the probate court could give him no relief whatever. (*Security-First National Bank* v. *Superior Court*, 1 Cal. (2d) 749 [37 Pac. (2d) 69].)

So it is that plaintiff sought the aid of the superior court, sitting as a court of equity. Its aid, however, may be granted only if the judgment which stands in the plaintiff's way was obtained through extrinsic fraud. (*Adams* v. *Martin*, 3 Cal. (2d) 246 [44 Pac. (2d) 572]; *Ringwalt* v. *Bank of America Nat. T. & S. Assn.*, 3 Cal. (2d) 680 [45 Pac. (2d) 967].) "Extrinsic fraud" is best defined both negatively and affirmatively. Negatively, it may be said not to be fraud which goes to the merits of the judgment. Affirmatively, it is fraud which has prevented the cause from having been fully considered on its merits. As an illustration, when a party is prevented by fraud from being present at a hearing or, if present, from presenting his case fully, the situation is one where fraud has prevented a cause from having been fully considered on its merits. See cases hereinafter cited.

Tested by this definition, as we find it applied, the complaint does not allege facts showing extrinsic fraud. In part the allegations show fraud which is intrinsic: it went to the merits of the reports. In this respect we note that each report, other than the first, contains this statement: "The details of all its acts and of these transactions and the securities and or properties in which the trust estate is now invested are as set forth herein. All investments made for said trust are in securities authorized by law or by the terms of said trust, have been carefully selected and made for the purpose of serving the best interests of this trust and all parties interested therein, and on none of them has the trustee made any profit, direct or indirect." This statement was false, the complaint avers, and was known to the trustee to be so, and it was made to bring about the result achieved, the confirmation of the report. To the same end, the complaint points out, the report was silent about the lack of a permit to issue certificates of participating interests, and made no mention of the character or value of the property standing as security back of the certificates.

We are not passing upon the plaintiff's contention that the certificates in which the defendant invested its trust funds are void, for two reasons. In the first place they are seem-

ingly authorized by section 104 of the Bank Act (Stats. 1909, p. 87; Act 652, Deering's Gen. Laws), and in his opening brief the plaintiff presented neither argument nor authority in support of his claim that the issuance of such certificates was governed also by the provisions of the Corporate Securities Act. (Stats. 1917, p. 673; Act 3814, Deering's Gen. Laws.) The more significant reason why we are not passing upon the question is that we do not find it an unanswered one, open to us, on this appeal. In approving the acts of the trustee in making the investments it had reported, the probate court necessarily had open before it the question of the legality of the investments and the matter of their economic merit as well. The approval of these investments, requested by the trustee, presented for determination at least these two issues. The false representations and lack of complete revealment on these issues, therefore, went to the merits of the cause submitted for judgment; they constituted intrinsic, not extrinsic fraud. (*Fealey* v. *Fealey*, 104 Cal. 354 [38 Pac. 49, 43 Am. St. Rep. 111]; *Tracy* v. *Muir*, 151 Cal. 363 [90 Pac. 832, 121 Am. St. Rep. 117]; *Eisenmayer* v. *Thompson*, 186 Cal. 538 [199 Pac. 798].)

The plaintiff presents other facts in his complaint the effect of which, he argues, was fraudulently to prevent the full consideration of the trustee reports on their merits. One fact which the plaintiff stresses is the limited description in the reports of the investment covered by the report. For example, in the third and fourth reports, the only ones of real significance as we shall note, the description of the assets of the trust was in these terms: "List of Assets Held in Above Trust: Participation Certificates issued pursuant to Section 104 of California Bank Act, representing interest in the following loan: Series 6800/289 Rate 7% Par Value 3,000.00." We are of the opinion that this description was sufficiently specific so that it cannot be said that the probate court was prevented from considering the report on its merits, nor was the plaintiff hindered from making any objection that he might have desired to make, to the report. His ignorance that he had a ground upon which to object is beside the point. This language in *Tracy* v. *Muir, supra,* 151 Cal. 363, 372, is apposite: "It can be no excuse for his failure to appear and contest that he did not know that the alleged will was not genuine. That it was genuine was one of the very issues tendered him by his adversary, which

he was called upon to meet within the time allowed by law, or forever thereafter admit." (See, also, *Abels* v. *Frey, supra.*)

■ At a time fixed no more definitely than that it was during the year 1931, the plaintiff, seeking a small advance from his trust funds, was told that if he "were of the attained age of 30 years said plaintiff could have the total payment of said trust, to-wit: the sum of $3,000.00." This statement, the complaint alleges, was made to induce the plaintiff to believe that his funds were wisely invested, and the *corpus* of the trust was safe, and he did so believe. The complaint not only fails to allege that this statement deterred the plaintiff from thereafter questioning at any hearing the wise investment of his funds, but it also fails to aver that the statement when made was not true. It was not until after the third account current had been settled and allowed that we are told that the security was inadequate, by which time the third investment had apparently been made. Certainly, so far as appears from the complaint, there was no loss as a result of the first two certificates purchased; the loss alleged to have befallen the trust estate is in the worthlessness of the certificate now owned and which first appears in the third report.

■ We are somewhat at a loss to understand the implications of the allegations contained in paragraph XIII of the complaint. This paragraph begins by stating "that the only notice of the hearing of said accounts, other than said fourth and final account . . . which said plaintiff had was in the form of a letter substantially as follows:" Then appears a letter reciting that it enclosed a formal notice of the hearing "of our current account as Trustee", and continuing, "There is no requirement that you attend this hearing, but the notice is sent to bring it to your attention so that you may attend if you so desire." Then follows a suggestion in the complaint that the letter had something to do with the failure of the plaintiff to attend the hearing on the final account. Violating the accepted rule of construction by interpreting these allegations most favorably to the pleader, even so they do not make out a case of extrinsic fraud. The allegations are insufficient to show that the notices required by law had not been given. (*Abels* v. *Frey, supra.*) There is no allegation that the letter was intended to keep the plaintiff from attending any hearing on a current account and making any objection thereto.

At most, the receipt of the letter is offered as another circumstance explaining why the plaintiff had no suspicions that his trust estate was not wisely invested. There is no allegation that the letter was sent with the intent that his suspicions should be allayed. Facts which explain why a beneficiary's suspicions are not aroused of themselves do not constitute fraud.

Allegations of the complaint not referred to in this opinion do not supplement those mentioned sufficiently to make out a cause of extrinsic fraud.

The judgment is affirmed.