[S. F. No. 16056. In Bank. May 27, 1942.]

FRITZ WESTPHAL et al., Appellants, v. THEODORE WESTPHAL et al., Respondents.

Frank D. Parker, James H. Boyer, Treadwell & Laughlin and Russell E. Barnes for Appellants.

Donahue, Richards & Hamlin for Respondents.

TRAYNOR, J.—John C. Westphal died testate March 9, 1912, leaving five sons surviving him, Theodore, William, George, Fred and John C. Jr. Under his will Theodore, William and George were each to receive an undivided one-fifth of his estate. The remaining two-fifths was given to Theodore and George in trust to pay the income therefrom to Fred and John C. Jr. for life.

The will provided that "In the event of the death of my said son, John C. Westphal, Jr., after my death, I direct that one-half (½) of said fund and property so held in trust, as aforesaid, (the income of which is directed to be paid as aforesaid) immediately vest in, and I hereby give, devise and bequeath to the widow and children of said John C. Westphal, Jr., share and share alike, a vested remainder in fee in and to one-half (½) of said property so devised in trust, as aforesaid, and, if he leaves no wife surviving him, then said one-half (½) of said trust property shall vest in, and I hereby give, devise and bequeath to the children of said John C. Westphal, Jr., by right of representation, a vested remainder in fee in and to one-half (½) of said property so devised in trust as aforesaid. In the event that said John C. Westphal, Jr., should die leaving no wife surviving him and leaving no children and having no children of a deceased child or children, then I direct that said one-half (½) of the said trust property shall immediately vest in Theodore Westphal, William Westphal, and George Westphal, named hereinabove, share and share alike, and to their heirs respectively, and, in that event, I do hereby give, devise and bequeath to said Theodore Westphal, William Westphal and George Westphal, share and share alike, and to their heirs, respectively, a vested remainder in fee in and to said one-half (½) of said property so devised in trust, as aforesaid, to take effect in possession immediately upon the termination of said trust, as provided in paragraph four of this will." A similar provision governed the interest of Fred Westphal. The will also provided

that if any child contested the will, he should take nothing, and the share given to him in trust or otherwise should go to the testator's other children.

In March, 1912, the will was admitted to probate. In March, 1913, John C. Westphal, Jr., and Fred Westphal filed a petition to revoke the probate of the will, and on June 18th of that year dismissed their petition. On June 24, 1913, Theodore and William Westphal filed, as executors of the estate, a verified petition requesting final distribution of the estate to themselves and to George Westphal on the ground that John C. Westphal, Jr., and Fred Westphal, having contested the will, forfeited their interests in the estate. On July 28, 1913, the probate court entered its order for a decree of distribution in accordance with the petition, but made no reference to the interest of the widow and children of John C. Westphal, Jr.

On January 25, 1935, John C. Westphal, Jr., died. His widow and eleven children brought the present action on August 31, 1937, claiming an undivided one-fifth interest in the estate of John C. Westphal. The complaint alleges that the will contest of March, 1913, was instituted pursuant to a conspiracy by all the sons of the testator to defraud plaintiffs of their conditional remainder in the estate, and that the plaintiffs' remainder interest in the estate was concealed from the probate court. Theodore, William and George Westphal, who took equal shares of John C. Westphal, Jr.'s undivided one-fifth interest under the decree of distribution, are named defendants. Two causes of action are set forth, one based upon extrinsic fraud and the other upon extrinsic mistake. Plaintiffs ask that defendants be adjudged involuntary trustees, that an accounting be had, that plaintiffs be declared owners of the property and that defendants be compelled to convey the property to them.

Defendants demurred on the grounds that the decree of distribution is not now subject to attack because the alleged fraud and mistake were intrinsic and that the action is barred by the statute of limitations as set forth in sections 338(4), 338(3), 318 and 343 of the Code of Civil Procedure. The trial court overruled the demurrer as to plaintiffs Raymond C. Westphal and Adele B. Westphal, who were unborn at the time of the alleged fraud and minors at the death of their father, John C. Westphal, Jr., and sustained the demurrer as to the other plaintiffs. The latter have appealed.

The final judgment of a court having jurisdiction over persons and subject matter can be attacked in equity after the time for appeal or other direct attack has expired only if the alleged fraud or mistake is extrinsic rather than intrinsic. (*United States* v. *Throckmorton,* 98 U. S. 61 [25 L. Ed. 93]; *In Re Griffith,* 84 Cal. 107 [23 Pac. 528, 24 Pac. 381]; *Pico* v. *Cohn,* 91 Cal. 129 [25 Pac. 970, 27 Pac. 537, 25 Am. St. Rep. 159, 13 L. R. A. 336]; *Olivera* v. *Grace,* 19 Cal. (2d) 570 [122 P. (2d) 564].) █ Fraud or mistake is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. (*Caldwell* v. *Taylor,* 218 Cal. 471 [23 P. (2d) 758, 88 A. L. R. 1194]; *Tracy* v. *Muir,* 151 Cal. 363 [90 Pac. 832, 121 Am. St. Rep. 117]; *Bacon* v. *Bacon,* 150 Cal. 477 [89 Pac. 317]; *Sohler* v. *Sohler,* 135 Cal. 323 [67 Pac. 282, 87 Am. St. Rep. 98]. See 23 Cal. L. Rev. 80; 9 Cal. L. Rev. 156). If an unsuccessful party to an action has been kept in ignorance thereof (*Purinton* v. *Dyson,* 8 Cal. (2d) 322 [65 P. (2d) 777, 113 A. L. R. 1230]; *Zaremba* v. *Woods,* 17 Cal. App. (2d) 309 [61 P. (2d) 976]) or has been prevented from fully participating therein (*Caldwell* v. *Taylor, supra*), there has been no true adversary proceeding, and the judgment is open to attack at any time. A party who has been given proper notice of an action, however, and who has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. (*Tracy* v. *Muir,* 151 Cal. 363 [90 Pac. 832, 121 Am. St. Rep. 117]; *Abels* v. *Frey,* 126 Cal. App. 48 [14 P. (2d) 594]; *Langdon* v. *Blackburn,* 109 Cal. 19 [41 Pac. 814].) Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court. Having had an opportunity to protect his interest, he cannot attack the judgment once the time has elapsed for appeal or other direct attack. (*Langdon* v. *Blackburn,* 109 Cal. 19 [41 Pac. 814]; *Tracy* v. *Muir,* 151 Cal. 363 [90 Pac. 832, 121 Am. St. Rep. 117]; see *Eichhoff* v. *Eichhoff,* 107 Cal. 42, 48 [40 Pac. 24, 48 Am. St. Rep. 110].)

█ In the present case plaintiffs allege that after the simulated will contest by Fred Westphal and John C. Westphal, Jr., the defendants obtained a decree of distribution that awarded them the entire estate by concealing from the

probate court the existence of the plaintiffs and the latter's contingent remainder in a portion of the estate. There is no allegation, however, that plaintiffs did not receive proper notice of the probate proceedings and the petition for the decree of distribution, or that plaintiffs were in any way prevented from appearing in the proceedings and calling the attention of the court to their interest in the estate. ▮ It will be presumed in support of a final judgment of a court of general jurisdiction in California that proper notice was given to the parties in the absence of an affirmative showing to the contrary. (*Estate of Twombley,* 120 Cal. 350, 351 [52 Pac. 815] ; *Daly* v. *Pennie,* 86 Cal. 552 [25 Pac. 67, 21 Am. St. Rep. 61] ; *Miller* v. *Pitman,* 180 Cal. 540 [182 Pac. 50] ; *Abels* v. *Frey,* 126 Cal. App. 48 [14 P. (2d) 594] ; *Langdon* v. *Blackburn, supra; Estate of Chapman,* 158 Cal. 740 [112 Pac. 302] ; *In Re Griffith,* 84 Cal. 107 [23 Pac. 528, 24 Pac. 381] ; *Tracy* v. *Muir,* 151 Cal. 363 [90 Pac. 832, 121 Am. St. Rep. 117].) ▮ The application of this presumption to the decree of distribution under attack in the present case is not affected by Probate Code section 1242, requiring that the judgment roll in probate proceedings include proof of service upon the parties concerned (Cf. F. H. Dam, *The New Judgment Roll in Probate,* 8 State Bar Journal 234; see 11A Cal. Jur., § 116), because this decree was rendered long before the enactment of that section. In the absence of an allegation that plaintiffs did not receive proper notice of the proceedings it must be presumed that they received such notice in accordance with the statutory requirements effective at that time. ▮ The allegation that defendants concealed from the probate court the existence of plaintiffs and the latter's contingent remainder in a portion of the estate is not an allegation that plaintiffs did not receive notice but is at best an allegation that proof of such notice was not made to the court. So long as plaintiffs received notice, however, a failure to make proof of such notice would not deprive the court of jurisdiction or prevent the plaintiffs from presenting their case. (*Herman* v. *Santee,* 103 Cal. 519 [37 Pac. 509, 42 Am. St. Rep. 145], overruling *Reinhart* v. *Lugo,* 86 Cal. 395 [24 Pac. 1089], see, also, *Estate of Eikerenkotter,* 126 Cal. 54 [58 Pac. 370], and 15 Cal. Jur. 68, § 150.)

Under the presumption of service plaintiffs had notice of the proceedings, and there was nothing to prevent their participating therein. They therefore had an opportunity to present their case and direct the attention of the court to

their interest in the estate. It follows that there is no extrinsic fraud or mistake alleged in the present case that is sufficient to constitute the basis for an attack in equity upon the decree of distribution.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., and Carter, J., concurred.

Appellants' petition for a rehearing was denied June 25, 1942.