[L. A. No. 19780. In Bank. Jan. 27, 1948.]

ROY A. GALE et al., Appellants, v. JOHN H. WITT, Individually and as Executor, etc., Respondent.

Ray Miller for Appellants.

Monroe & McInnis for Respondent.

EDMONDS, J.—Roy A. Gale and his brother, Melvin C. Gale, sued to impress a trust upon certain real property distributed to John H. Witt in accordance with the will of their mother, Ada L. Gale. Upon appeal from the judgment of dismissal, which followed an order sustaining an objection to the introduction of any evidence in support of the allegations of the complaint, the question for decision concerns the sufficiency of the pleaded facts to state a cause of action.

The will of Mrs. Gale bequeathed $250 to her son Roy, devised certain real property to Witt and named him as executor. The residue of the estate was left to her two sons. The will was witnessed by Witt, Joe W. Matherly, the attorney for the testatrix, and E. Marion Geiger, his secretary.

The complaint alleges that for a long time preceding the death of Mrs. Gale she was in ill health. Witt was her adviser, and by exercising undue influence upon her, he and Matherly procured the execution by her of the will which was admitted to probate. Other allegations are that, pursuant to a fraudulent conspiracy, they "alone purported to witness the signature or purported signature" of Mrs. Gale. Each of them, well knowing that she would not declare the instrument to be her last will and testament, procured the signature of E. Marion Geiger as a witness to it, and the latter "did subscribe to said instrument out of the presence of . . . [Mrs. Gale] and after [her] death." Mrs. Gale did not sign the instrument nor declare it to be her will and she did not request E. Marion Geiger to witness it.

The concluding charges of the complaint are that Matherly, in presenting the will for probate and in all of the proceedings had for the purpose of administering upon the estate of Mrs. Gale, perpetrated a fraud upon the court. Neither of the sons was "informed of and did not know or discover any of the aforesaid fraud, or the facts connected therewith, until

on or about the 21st day of March, 1945, when they were so informed by the District Attorney of the said county of San Diego; . . . that since [the specified date they] have refrained from bringing this action at the instance of various governmental agencies who were investigating the . . . [activities of Witt and Matherly in connection with the estate] but that immediately upon being appraised of such facts retained counsel to bring appropriate action . . . upon completion of [the] investigation by [the] governmental agencies.''

In regard to the administration of the estate, the sons pleaded that their mother's will was admitted to probate on May 12, 1944, and in the following December, the probate court settled the final account of Witt as executor, and distributed to him the real property which is the subject of the litigation. It is also asserted that, at the time of the filing of the complaint, Witt was the record owner of that property.

A demurrer to this complaint was overruled. When the case was called for trial, Witt objected to the introduction of any evidence upon the ground that the complaint does not state a cause of action against him individually or as executor of Mrs. Gale's estate. During argument upon the objection, the appellants' counsel declared that they would offer no evidence upon any allegation of the complaint other than those relating to the signing of the will, as a witness, by E. Marion Geiger, and the ownership by Witt of the property distributed to him. Otherwise stated, the appellants expressly based their claim of extrinsic fraud upon the sole ground of an offer to prove that E. Marion Geiger signed the will after the death of Mrs. Gale and that Witt presented the will to the probate court, obtained the order admitting it to probate and the subsequent decree of distribution, with knowledge of the facts in regard to such execution. In fairness to Witt and Matherly, it should be noted that there was then on file an answer denying all of the allegations of fraud and alleging that Witt, Matherly and E. Marion Geiger each executed Mrs. Gale's will at her request, in her presence and in the presence of each other. The objection was sustained.

The appellants assert that they have alleged sufficient facts to state a cause of action upon the ground of extrinsic fraud. The basis of their position is that, by the will, Witt was named executor and also made a devisee under it; therefore, he was under a duty to disclose the facts in regard to its execution. Because of the representation to the court that E. Marion

Geiger witnessed the will in the presence of the testatrix, the argument concludes, the decree of distribution was obtained by extrinsic fraud.

Witt replies that the allegations show, at most, a case of intrinsic fraud, for the time when E. Marion Geiger signed as a witness to Mrs. Gale's will was an issue decided by the court when that instrument was admitted to probate. The fact that Witt was appointed executor of the will and also named as a devisee does not give a cause of action upon the ground of extrinsic fraud in the absence of allegations complying with the requirements of a pleading in such suits generally.

"The final judgment of a court having jurisdiction over persons and subject matter can be attacked in equity after the time for appeal or other direct attack has expired only if the alleged fraud or mistake is extrinsic rather than intrinsic." (*Westphal* v. *Westphal*, 20 Cal.2d 393, 397 [126 P.2d 105]; *Howard* v. *Howard*, 27 Cal.2d 319 [163 P.2d 439]; *Neblett* v. *Pacific Mut. Ins. Co.*, 22 Cal.2d 393 [139 P.2d 934]; *Olivera* v. *Grace*, 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328].) ▆ The fraud which will justify the setting aside of a final judgment by a court of equity must be of such character as prevents a trial of the issues presented to the court for determination. (*Thompson* v. *Thompson*, 38 Cal. App.2d 377 [101 P.2d 160]; *Godfrey* v. *Godfrey*, 30 Cal. App.2d 370 [86 P.2d 357].) ▆ Where the fraud practiced is collateral to and outside of court so that a party is, because of such fraud or concealment, effectively deprived of presenting his case or all of his defense, it is extrinsic and equity will give relief. Thus where plaintiff had a defense and counterclaim but relied upon the defendant's representations that he would hold the property in trust for her if she did not defend, she was allowed to set the judgment aside because of the collateral and extrinsic fraud. (*Flood* v. *Templeton*, 152 Cal. 148 [92 P. 78, 13 L.R.A. N.S. 579].) A final decree of divorce was vacated upon proof by a wife that her husband secretly obtained it after reconciliation and the resumption of marital relations. (*McGuinness* v. *Superior Court*, 196 Cal. 222, 228 [237 P. 42, 40 A.L.R. 1110].) The fraud of an executor was characterized as extrinsic when it was shown that he wrote a pretermitted heir stating that he would take care of her interests and she need not appear and he thereafter obtained an order adversely affecting her rights. (*Larra-*

*bee* v. *Tracy*, 21 Cal.2d 645 [134 P.2d 265].) But in these and other cases such as *Campbell-Kawannanakoa* v. *Campbell*, 152 Cal. 201 [92 P. 184]; *Sohler* v. *Sohler*, 135 Cal. 323 [67 P. 282, 87 Am.St.Rep. 98]; *Zaremba* v. *Woods*, 17 Cal.App. 2d 309 [61 P.2d 976], and *Milekovich* v. *Quinn*, 40 Cal.App. 537 [181 P. 256], the rule has been stated as requiring that, to constitute extrinsic fraud, there must have been some representation or concealment by the defendant which prevented the plaintiff from having his day in court and it has been applied to the acts of executors and trustees who were charged with false representations.

For example, in a suit against a bank which acted as executor it was held that a judgment rendered in a probate proceeding may not be set aside upon the ground of extrinsic fraud in the absence of proof that the executor acted in such manner as "to prevent, foreclose or hinder" a full and fair hearing upon the issue then before the court for determination. (*Carr* v. *Bank of America*, 11 Cal.2d 366 [79 P.2d 1096, 116 A.L.R. 1282].) To the same effect is *Adams* v. *Martin*, 3 Cal.2d 246 [44 P.2d 572], in which this court reversed a judgment against a guardian rendered upon findings that he had falsely testified in regard to expenditures made by him, stating: "It is uniformly held that perjury is intrinsic, and not extrinsic fraud, and therefore does not constitute a sufficient basis for equitable relief against a final judgment." (Pp. 248-249.) In another case, a trustee's false representations and lack of complete revealment to the probate court were placed in the same category; the ruling sustaining a demurrer to the complaint was upheld upon the ground that the acts complained of went to the merits of the cause submitted to judgment and did not constitute extrinsic fraud. (*McLaughlin* v. *Security First Nat. Bk.*, 20 Cal.App.2d 602, 606 [67 P.2d 726].) These decisions follow the long established principle that the use of forged documents or perjured testimony constitutes intrinsic fraud and cannot be made the basis for an attack upon the judgment by way of relief in equity. (*Hammell* v. *Britton*, 19 Cal.2d 72, 82 [119 P.2d 333]; *Tracy* v. *Muir*, 151 Cal. 363, 373 [90 P. 832, 121 Am.St.Rep. 117]; *Pico* v. *Cohn*, 91 Cal. 129, 134 [25 P. 970, 27 P. 537, 25 Am.St.Rep. 159, 13 L.R.A. 336]; *O. A. Graybeal Co.* v. *Cook*, 16 Cal.App.2d 231, 236 [60 P.2d 525]; *Harvey* v. *Griffiths*, 133 Cal.App. 17, 22 [23 P.2d 532]; 3 Freeman on Judgments (5th ed.), p. 2583, § 1241; Restatement of Judgments, § 126 [2] [b].)

■ In the present action, there is no allegation that the appellants were not given the required notice of the hearing on the petition of the executor to admit their mother's will to probate, or of the application for settlement of his account and distribution of the estate. Nor do they charge that they did not have knowledge of all of the proceedings in connection with the administration of her estate. "A party who has been given proper notice of an action, . . . and who has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. (*Tracy* v. *Muir,* 151 Cal. 363 [90 P. 832, 121 Am.St.Rep. 117]; *Abels* v. *Frey,* 126 Cal.App. 48 [14 P.2d 594]; *Langdon* v. *Blackburn,* 109 Cal. 19 [41 P. 814].) Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court. Having had an opportunity to protect his interest, he cannot attack the judgment when the time has elapsed for appeal or other direct attack. (*Langdon* v. *Blackburn,* 109 Cal. 19 [41 P. 814]; *Tracy* v. *Muir,* 151 Cal. 363 [90 P. 832, 121 Am.St.Rep. 117]; see *Eichhoff* v. *Eichhoff,* 107 Cal. 42, 48 [40 P. 24, 48 Am.St.Rep. 110].)" (*Westphal* v. *Westphal,* 20 Cal.2d 393, 397 [126 P.2d 105]; *Howard* v. *Howard* 27 Cal.2d 319, 321 [163 P.2d 439]; *Hosner* v. *Skelly,* 72 Cal.App.2d 457, 461 [164 P.2d 573].)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Spence, J., and Schauer, J., concurred.