Filed 6/22/21  Timmins v. Zheng CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ARTHUR TIMMINS,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>XIAO ZHENG et al.,<br><br>    Defendants and Appellants. | G058705<br><br>(Super. Ct. No. 30-2017-00941120)<br><br>O P I N I O N |

Appeal from an order and judgments of the Superior Court of Orange County, Nathan R. Scott, Judge.  Affirmed in part, reversed in part and remanded with directions.

Law Offices of Angela Swan and Angela Swan; Travis M. Poteat for Defendants and Appellants.

The Law Offices of Sam X.J. Wu and Sam X.J. Wu for Plaintiff and Respondent.

## INTRODUCTION

Xiao Zheng, Juan Cheng, and Shedoor International, Inc. (Shedoor, Inc.) appeal from default judgments entered against them and in favor of Arthur Timmins on a wage-and-hour complaint. Timmins alleged that Zheng, Shedoor, Inc., and others violated California labor laws with regard to overtime, meal and rest breaks, record keeping, and reimbursement for business expenses. He also alleged voidable transfers among various defendants, including Cheng.

We reverse the default judgment against Juan Cheng. Timmins' complaint does not allege that she was his employer, and it does not allege any damages attributable to her. She is involved in the action only with respect to the voidable transfer causes of action, as to which no damages amounts were alleged. We vacate the default judgments against Zheng and Shedoor, Inc., solely for possible calculation errors and return the matter to the trial court to re-review the damages calculations and, if necessary, revise them. The other objections to the defaults and the default judgments lack merit.

## FACTS

Timmins filed a wage-and-hour complaint against Zheng, Cheng, Shedoor, Inc., and others on August 30, 2017. He alleged that he had worked up to 18 hours a day, 6 or 7 days a week, without breaks or overtime payments. He also alleged that he had incurred business expenses for which he had not been reimbursed. He asked for damages in the amount of no less than $150,000.

Zheng, Cheng, and Shedoor, Inc., did not respond, and Timmins took their defaults in December 2017 and January 2018. Appellants' motions to set aside the defaults were denied on October 15, 2018. After a default prove-up, the court issued a minute order granting default judgment on October 28, 2019. Judgments were entered against appellants in the amount of $75,871 on the same day. This amount represented the total of Timmins' overtime hours, unpaid meal and rest breaks, and unpaid business expenses, plus costs and attorney fees.

2

Timmins' complaint also alleged causes of action for voidable transfers of Shedoor, Inc.'s assets to another defendant entity, Shedoor International, LLC. Another alleged voidable transfer was of a piece of real estate from Zheng as his separate property to Cheng and Zheng as joint tenants for zero consideration. This is the only allegation in the complaint specifically against Cheng.

## DISCUSSION

Appellants have identified three issues on appeal. They assert the court abused its discretion when it refused to set aside their defaults. They also assert the court erred in entering a default judgment because (1) Timmins failed to state a cause of action[1] and (2) the amount of the judgments entered against them was more than the amount alleged in the complaint and was not supported by sufficient evidence.

## I.        The Set-Aside Motions

The default against Zheng was entered on December 27, 2017. The defaults against Cheng and Shedoor, Inc., were entered on January 4, 2018. Shedoor, Inc., moved to set aside its default on July 9, 2018. Zheng and Cheng filed their motions on July 16. All three motions were filed on dates past the six-month deadline for relief under Code of Civil Procedure section 473[2].

Instead appellants moved for relief in equity, that is, for extrinsic fraud or mistake. The grounds for setting aside a default on equitable principles are narrower than those for setting aside a default under section 473. *(Kramer v. Traditional Escrow, Inc.* (2020) 56 Cal.App.5th 13, 29.) The code section includes surprise, inadvertence, and neglect as bases for setting aside a default (§ 473, subd. (b)); extrinsic fraud and mistake are the only equitable grounds for a set-aside motion filed past the six-month time limit of the Code of Civil Procedure. "[T]o constitute extrinsic fraud, there must have been some representation or concealment by the defendant which prevented the plaintiff from

---

[1]       This argument applies to Cheng only.

[2]       All further statutory references are to the Code of Civil Procedure.

3

having his day in court[.]" (*Gale v. Witt* (1948) 31 Cal.2d 362, 366.) Extrinsic mistake is "'a mistake [that] led a court to do what it never intended . . . .' [Citations.]" (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 (*Rappleyea*).)

"The Legislature has determined that during the time frame provided by . . . section 473 there is a strong public policy in favor of allowing litigants their day in court. Thus, by a lesser showing than extrinsic fraud (mistake, inadvertance, surprise, or excusable neglect) public policy favors setting aside judgments under section 473. Once relief is no longer available under section 473, the public policy in favor of finality of judgments predominates, and the power to set aside valid final judgments . . . should be exercised only when exceptional circumstances require that the consequences of res judicata be denied. Thus, during the period when relief under section 473 is available, there is a strong public policy in favor of granting relief and allowing the requesting party his or her day in court. Beyond this period there is a strong public policy in favor of the finality of judgments and only in exceptional circumstances should relief be granted." (*In re Marriage of Stevenot* (1984) 154 Cal.App.3d 1051, 1070-1071.)

We review the trial court's decision regarding an equitable set-aside motion for abuse of discretion. (*Rappleyea, supra,* 8 Cal.4th at p. 981.)

Zheng, Cheng, and Shedoor, Inc., based their set-aside motions on the same argument. They all contended that Timmins' counsel had agreed to withdraw the defaults in exchange for a defense agreement to consolidate the present case with another, similar, case pending in the superior court.[3] In addition, Cheng and Shedoor, Inc., contended that they had not been properly served. The court denied the set-aside motions because they

---

[3]     Timmins' counsel denied that there had ever been an agreement to withdraw the defaults. In reply declarations, which the court refused to consider as lacking proofs of service and supplying new evidence, an employee of defense counsel declared she typed a stipulation to withdraw the defaults and "gave it to our building receptionist for mailing to Plaintiff's counsel." Attached to the declaration as its exhibit is the heading of an email from the employee to defense counsel regarding "Kheng et al. stipulation" (no text) and a screen shot of an email from the employee to defense counsel (no text).

4

failed to offer evidence of meritorious defenses, satisfactory excuses for untimeliness, or reasonable diligence.

There was no evidence of a representation or concealment by Timmins' counsel or anyone else preventing appellants from answering the complaint. Likewise, nothing suggests that the court did something it never intended.

Regarding the set-aside motions themselves, Timmins' counsel denied the contention that he had agreed to withdraw the defaults. At a case management conference in April 2018, at which defendants' counsel was present, Timmins' counsel reported to the court that the defaults were complete. In May, at another hearing, defense counsel claimed there was an agreement to withdraw the defaults and consolidate the case with the pending case. Timmins' counsel responded that he knew of no such agreement. Defense counsel was aware in plenty of time to file a timely motion for relief under the Code of Civil Procedure that (1) defaults had been entered and (2) they were not going to be withdrawn.

The trial court concluded that appellants had failed to show reasonable diligence and satisfactory excuses for untimeliness. We cannot see that it abused its discretion in so doing.

II.          **The Default Judgment**

A court may not enter a default judgment for an amount that exceeds the amount alleged in the complaint. (*Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2018) 23 Cal.App.5th 1013, 1018; § 580, subd. (a).) Appellant's contention on this issue can be dealt with swiftly. Timmins' complaint twice alleged damages for labor law violations "in an amount of no less than $150,000." The ultimate judgment was a little over half that amount.[4]

---

[4] Timmins also filed a statement of damages on August 30, 2017, but the notice is directed to Yicen Tsai, Mama's Home Consulting, Inc., and Yu Cheng Lin, so it would be ineffective to give notice in this action.

5

Appellants argue the amount of the default judgment must be specified in the prayer. Otherwise the judgment is void. They supply no authority for this argument. The point of specifying the amount of damages in the complaint is to allow the defendant to decide whether it is worth his or her while to appear in the lawsuit. (See *Greenup v. Rodman* (1986) 42 Cal.3d 822, 826.) If the amount in controversy is small and the suit has merit, the defendant may decide that the attorney fees spent contesting the action would amount to significantly more than the judgment itself. As long as a complaint specifies an amount of damages, it passes muster. (See *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 494 (*Becker*).)

This complaint passes muster with respect to Zheng and Shedoor, Inc., regarding the amount of damages. There is a problem, however, with the judgment against Cheng. She is not alleged to have been Timmins' employer. The only allegation against her specifically is that Zheng transferred property from himself alone to himself and Cheng as joint tenants for no consideration. In other words, the complaint against her is limited to voidable transfers. The complaint does not allege any value for the real property. There is, therefore, no amount of damages alleged against her. The default judgment against Cheng must therefore be reversed.

We also agree with appellants that the amount of the default judgments is problematic. To take one example, in the chart Timmins provided to the court as part of the default prove-up, he stated he worked an average of 13 hours per day for 6 days during the week of July 24, 2016. He calculated the amount of overtime payable at 1.5 times his hourly wage ($16.62) as $797.76 (4 hours x $24.95 [1.5 x $16.62] x 6 days).[5] Four hours times $24.95 times 6 days equals $598.80. For the next week, starting July 31, Timmins stated he also worked four hours of overtime for six days at 1.5 times his hourly rate, but the total amount on the chart was $947.34.[6]

---

[5] $16.62 times 1.5 is actually $24.93.

[6] It is not clear to us whether all hours over 40 in a week would be considered overtime.

It is not necessary to reverse a default judgment for simple mathematical errors.  The judgments can be returned to the trial court for further review and recalculation if necessary.  (See *Becker, supra,* 27 Cal.3d at p. 489; *Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1177.)  We return the default judgments against Zheng and Shedoor, Inc., to the trial court for this purpose.

## DISPOSITION

The order denying the motions to set aside the defaults against Xiao Zheng, Juan Cheng, and Shedoor International, Inc. is affirmed.  The default judgment against Juan Cheng is reversed.  The default judgments against Xiao Zheng and Shedoor International, Inc., are vacated and remanded to the trial court to re-review and, if necessary, recalculate the amount of the judgments.  Respondent may submit a revised chart.  The parties are to bear their own costs on appeal.


BEDSWORTH, ACTING P. J.

WE CONCUR:


THOMPSON, J.


GOETHALS, J.


7