[Civ. No. 4667.   Fourth Dist.   Feb. 16, 1954.]

AMERICAN BORAX COMPANY (a Corporation) et al., Appellants, v. ANNIE P. CARMICHAEL, Respondent.

Freda B. Walbrecht for Appellants.

Maas & Nairn and Walter L. Maas, Jr., for Respondent.

BARNARD, P. J.—This is an action to set aside a judgment. A demurrer was sustained without leave to amend and the plaintiffs have appealed from the judgment which followed.

The complaint, filed on August 20, 1952, alleges that in an action brought by Annie P. Carmichael a judgment was rendered on November 16, 1950, quieting her title, as against these plaintiffs, to certain real property in Kern County; that said judgment was obtained on representations that American Borax Company (a California corporation) and the Schorrs had no interest in said property, whereas Carmichael knew that such statements were not true; that Carmichael had, on August 4, 1943, and for a valuable consideration, executed and delivered several unrecorded deeds conveying portions of the property to American Borax Company; that in addition Carmichael had on July 5, 1941, given one John L. Keller an option to purchase the property on certain conditions; that Keller had assigned his interest in this option to the Borax Company, which had subdivided the property; that no notice of default had been given as provided in the option agreement; that the Borax Company was served with a copy of the summons and complaint by delivering same to the Secretary of State, and the directors or officers knew nothing of said action; that the plaintiff Harry Schorr relied on representations made to him by the attorney for Carmichael to the effect that the Borax Company had no title to Lot 207 at the time it was conveyed to them; that the plaintiffs first learned that such judgment had been obtained on fraudulent representations on August 1, 1951; and that the plaintiffs are able to show that they ''had'' a valid interest

in said real property, as a defense to the action in which the judgment was rendered. Copies of the unrecorded deeds and of the option agreement, which was recorded, are attached to the complaint.

The appellants contend that extrinsic fraud was alleged "as to at least part of the plaintiffs"; that the complaint alleges that the attorneys for Carmichael represented to the Schorrs that the Borax Company had no title to Lot 207 (which the corporation had agreed to sell to them), and because of such misrepresentation the Schorrs made no defense to the former action; that the complaint alleges that the Borax Company was served in the quiet title action by mailing summons to the Secretary of State, and that the directors or officers of the corporation knew nothing of said action; that the plaintiffs could amend and offered to amend by alleging that the affidavit filed in the former action, on which the order permitting service upon the Secretary of State was made, was fraudulent in that Carmichael knew the whereabouts of John L. Keller and knew that he was an officer of the Borax Company; and that the fact that the Borax Company did not have actual notice of the former action, coupled with the fraud of Carmichael in obtaining the judgment when she did not have title to all of the property, brings this case within the rules set forth in *Parsons* v. *Weis*, 144 Cal. 410 [77 P. 1007].

As pointed out in the case just cited, the fraud from which relief may be given in such a case as this "does not include a judgment regularly obtained upon a fraudulent claim or by false testimony, but it is limited to a fraud in procuring the judgment." The facts there involved were very different from those with which we are here concerned. In that case, the publication of summons had been secured by filing an affidavit giving the wrong address of the defendant, and it was found after trial that the plaintiff in the former action had knowingly misled the court with respect to the ownership of the land. In the instant case, appellants relied on an old option given more than nine years before the judgment was entered and, with respect to a small portion of the property, on some unrecorded deeds executed more than seven years before the judgment. The evidence on which the judgment was based may well have shown that these appellants had no remaining interest in the property, and may have shown that the unrecorded deeds were invalid and ineffective. The complaint was clearly insufficient, as

was the offer to amend which appellants say was made.. Moreover, no claim is made in the brief that any specified facts exist, and could be alleged, which would disclose extrinsic fraud in that connection. Whether or not these appellants had any rightful interest in the property was the specific question involved in the action in which the judgment was rendered. The fact that this respondent was claiming title, in spite of certain outstanding instruments, presented a factual question but would not constitute extrinsic fraud.

With respect to the Borax Company it is contended that extrinsic fraud could be shown in that the complaint could be amended to further allege that the defendant wilfully represented that she did not know the whereabouts of the officers of the corporation, and thus obtained an order for service on the Secretary of State in order that the Borax Company would not have actual knowledge of the service. Section 3301 of the Corporations Code provides that every California corporation shall file with the Secretary of State a list of the names and addresses of its officers, and may file a designation of an agent for the purpose of service of process. Section 3302 provides that if such a designation has not been filed with the Secretary of State an order may be secured, under certain conditions, for service of summons by delivering it to the Secretary of State. Section 3303 provides that where service is made in that manner the Secretary of State shall give notice of such service of process to the corporation at its principal office by registered mail. It appears here, without dispute, that in the quiet title action the court made its order for service by delivery to the Secretary of State, founded upon an affidavit stating that the Borax Company was suspended in 1947 for failure to pay its franchise tax, and that no certificate designating either officers or agents for the service of process had been filed in the office of the Secretary of State. Presumably, the Secretary of State notified the corporation of the service of this summons as required by the statute. In any event, and if there was any defect in the affidavit by which the order for such service was secured, that matter could have been presented and passed upon in the other action. Assuming that it might be alleged and shown that this respondent knew Keller's address, and knew that he was or had been an officer of the corporation, this would not be sufficient to show extrinsic fraud or an intent to keep knowledge of the action from the corporation, merely because an attempt was made to obtain service in one of the ways pro-

vided for by statute. Any irregularity in the service, which is now claimed, would not be sufficient to establish the extrinsic fraud required.

With respect to the appellants Schorr it is argued that the complaint alleges that they were misled by a representation made to them by the attorney for the respondent to the effect that the Borax Company had no title to the lot which it had agreed to sell to them. It is stated in the respondent's brief that such a statement was made by respondent's attorney in a letter written to the Schorrs asking for a quitclaim deed from them, and that when they refused to give such a deed they were thereafter served with summons and complaint in the quiet title action. This is not denied in appellants' reply brief. Whether the Borax Company had any interest or title in the property was the issue involved in the former action, the Schorrs knew that this respondent was making a contrary contention, they had the right to defend when later served with summons, and no extrinsic fraud appears in this connection.

It is further suggested by appellants that the judgment in the quiet title action also covered some lots which Annie P. Carmichael never at any time owned. It was not alleged in the complaint, and it is not claimed in the briefs, that the appellants are in any way interested in any such lots, and no reversible error here appears. If any such error exists, the real owners of such lots would be free to take appropriate means to protect their own interests.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 14, 1954.