[Civ. No. 20129.   Second Dist., Div. One.   June 21, 1954.]

JESSE A. LEVINSON, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent.

Jesse A. Levinson, in pro. per., for Appellant.

Samuel B. Stewart, Jr., Hugo A. Steinmeyer and Robert van Buskirk for Respondent.

MOSK, J. pro tem.*—On May 25, 1948, respondent bank obtained a judgment in the Municipal Court of the City of Los Angeles against appellant on a promissory note. A motion for new trial was denied on September 7, 1948, no appeal was taken, and the judgment became final.

Thereafter, on September 24, 1948, appellant filed in the superior court a new suit in equity praying that the municipal court judgment be vacated and declared void, that respondent be enjoined from enforcing the judgment, and that the promissory note be delivered to appellant and cancelled.

The complaint alleged that the note was executed by appellant and delivered for the express purpose of securing a loan from respondent bank, "and said Bank to pay over the proceeds of said loan to the Capital Company (a California corporation)"; that the bank accepted the note but at no time paid the proceeds to the Capital Company; that no consideration of any kind passed from respondent to appellant; that during the course of proceedings in the municipal court appellant "was led to believe" from conversations with agents and employees of respondent bank that the proceeds of the note had been paid to the Capital Company; that "immediately after the trial of the action in the Municipal Court" appellant discovered the statements made by respondent through its agents and employees were false; that the representations were known to be false by respondent's agents and employees and were made for the purpose of misleading and deceiving appellant, in order that appellant would not introduce evidence at the trial to the effect that the proceeds of the loan were not paid over to the Capital Company; that subsequent correspondence (quoted *in haec verba*) was not answered satisfactorily to appellant; that appellant has a good and sufficient defense to the municipal court action.

To this complaint the respondent demurred. On October 29, 1948, the demurrer was sustained and appellant was given 15 days in which to amend. Notice of the ruling was waived in open court. Appellant did not amend during that period or at all.

---

*Assigned by Chairman of Judicial Council.

The record discloses nothing further transpired until June 24, 1953, when motions of both appellant and respondent for dismissal came on for hearing. The court granted the motion of respondent pursuant to Code of Civil Procedure, section 581, subdivision 3, whereupon appellant withdrew his motion. Judgment was thereupon given to respondent, from which this appeal was taken.

Appellant maintains he has stated a proper cause of action based on extrinsic fraud, and that his complaint should have prevailed against the demurrer.

We are limited on this appeal to an examination of the complaint to ascertain if it states a cause of action, not to whether appellant might have been able to do so. (*Lynch* v. *Rheinschild*, 86 Cal.App.2d 672, 673 [195 P.2d 418].)

The final judgment of a court having jurisdiction over persons and subject matter can be attacked collaterally in equity after the time for appeal or other direct attack has expired only if extrinsic fraud is alleged. (*Westphal* v. *Westphal*, 20 Cal.2d 393, 397 [126 P.2d 105].) To constitute extrinsic fraud there must have been some representation or concealment by the defendant which prevented the plaintiff from having his day in court. (*Gale* v. *Witt*, 31 Cal.2d 362, 366 [188 P.2d 755]; *Smith* v. *Smith*, 125 Cal.App.2d 154, 161 [270 P.2d 613].)

*Duffy* v. *Duffy*, 82 Cal.App.2d 203 [186 P.2d 61], *Bacon* v. *Bacon*, 150 Cal. 477 [89 P. 317], *Ringwalt* v. *Bank of America Assn.*, 3 Cal.2d 680 [45 P.2d 967], and other cases cite with approval the illustrations in this quotation from *United States* v. *Throckmorton*, 98 U.S. 61, 65 [25 L.Ed. 93]: "But there is an admitted exception to this general rule, in cases where, by reason of something done by the successful party to the suit, there was, in fact, no adversary trial or decision of the issue in the case. Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side—these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit

may be sustained to set aside and annul the former judgment or decree, and open the case for a new and fair hearing.''

Where a party has been given proper notice of an action, has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary, fraud perpetrated under such circumstances is intrinsic. This applies even though the unsuccessful party does not avail himself of his opportunity to appear before the court. Having had the opportunity to protect his interests, he cannot attack the judgment once the time has elapsed for appeal or other direct attack. (*Westphal* v. *Westphal, supra.*)

It is necessary to examine the facts in the light of the policy that a party who failed to assemble all his evidence at the trial should not be privileged to relitigate a case, as well as the policy permitting a party to seek relief from a judgment entered in a proceeding in which he was deprived of a fair opportunity fully to present his case. (*Jorgensen* v. *Jorgensen,* 32 Cal.2d 13, 19 [193 P.2d 728].)

Applying the foregoing rules of law, it is apparent that if any fraud was practiced upon appellant herein it was not extrinsic in nature. He was properly notified of proceedings, he filed his verified answer and denial, the matter was heard in open court, he filed a motion for new trial, after argument in open court the motion for new trial was denied. The record before us further discloses that his motion for new trial was based upon the ground, among others, of newly discovered evidence. That it was undoubtedly the same evidence which he desires to present in this suit is indicated by the complaint herein alleging discovery of the purported falsity of representations ''immediately after the trial of the action.''

Appellant maintains that he had a good defense to the prior action, meaning failure of consideration, and cites *Oakland Medical Bldg. Corp.* v. *Aureguy,* 41 Cal.2d 521 [261 P.2d 249] as authority. The facts here, however, indicate he did raise that defense.

In his verified municipal court answer, appellant pleaded as a separate affirmative defense failure of consideration for the execution of the note. Thus there was placed before the court in that proceeding the very issue which appellant desires to litigate in the instant case. That he failed to present evidence on that subject and therefore an adverse decision

resulted does not justify a second lawsuit on the same issue. He has had the day in court to which he is entitled.

■ Appellant further contends there was a fiduciary relationship between him and respondent by virtue of a promise to pay the note proceeds to the Capital Company. The complaint alleges the purpose of the loan was for the bank to pay the proceeds to Capital, but it specifies no promise, either oral or written, made by the bank to do so. Nor are any facts alleged from which an agency or fiduciary obligation can be established. All that is revealed here is a simple debtor-creditor relationship.

Under those circumstances, appellant was not justified in relying upon statements of unnamed agents and employees of respondent with whom he was not only dealing at arm's length, but who were then his adversaries in litigation. (*Jorgensen* v. *Jorgensen, supra.*) He had several procedural means of ascertaining the facts in the municipal court action, and in view of his defense of failure of consideration, he had an affirmative duty to avail himself of them.

■ Although not material to our determination of this appeal, we find there is no merit to appellant's contention that he was prevented from expeditiously proceeding with this appeal because of respondent's procrastination from 1948 when the demurrer was sustained to 1953 when respondent finally moved the court for dismissal under Code of Civil Procedure, section 581, subdivision 3. Provisions of that section are not exclusive. (*Richards & Knox* v. *Bradley,* 129 Cal. 670 [62 P. 316].) Appellant, even though plaintiff in the action, could have properly noticed a motion and sought court dismissal at any time after expiration of the period allotted for amendment of his complaint.

Examination of the pleadings and the record herein makes it clear that appellant's complaint failed to state a cause of action and the demurrer to it was properly sustained. We therefore cannot disturb the subsequent granting of the motion to dismiss and the judgment of dismissal after failure to take advantage of an opportunity to amend.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.