[Civ. No. 16171. First Dist., Div. One. Nov. 5, 1954.]

LENA ENGST THIRIOT, Appellant, v. SANTA CLARA ELEMENTARY SCHOOL DISTRICT OF SANTA CLARA COUNTY et al., Respondents.

William J. Connolly for Appellant.

Howard W. Campen, County Counsel, and Donald K. Currlin, Assistant County Counsel, for Respondents.

WOOD (Fred B.), J.—In this action plaintiff seeks to set aside a judgment in eminent domain whereby the defendant school district acquired some 21 acres of land from her. Her theory is that the judgment was obtained by extrinsic fraud allegedly practiced upon her. She offers to refund the $71,400 which the district paid her for the land, less $8,800 allegedly required for her attorney's fees in the condemnation suit. In a second count she additionally pleads that the district, its trustees, its clerk and its superintendent conspired with certain fictitiously named defendants to enable the latter to acquire the land for commercial purposes. In a third count, she seeks a determination that the district holds the land as trustee for her because of the alleged misuse of the processes of the court in the condemnation suit.

General demurrers to each count of the first amended complaint were sustained without leave to amend. That was a correct ruling because each count pleads intrinsic, not extrinsic, fraud.[1]

The gist of the complaint is that in the condemnation suit the school district alleged the land was necessary for use in connection with school purposes; that the district and its officers knew the land was not necessary and was not intended to be used for school purposes; that plaintiff herein resisted the suit and raised therein the defense that the district did not need the land for school purposes; that the district and its officers falsely represented to all concerned, including plaintiff's attorneys, that the land was needed for school purposes only and did so to induce plaintiff to compromise the suit and thereby avoid the trial of that issue; that by reason of those representations plaintiff and her attorneys were induced to believe the land was necessary for school purposes and would be used for those purposes only, and consented to a decree of condemnation against her without trial of the issues presented by her answer; that if those issues had been tried plaintiff herein would have prevailed. Then follow allegations that the land has not been used for school purposes and recently has been noticed for sale to the highest bidder, for private use.

Obviously, the alleged fraud pertained to one of the main

---

[1]As to the second count, we note that the fact that the alleged fraud "may have resulted from conspiracy does not change it from intrinsic to extrinsic fraud." (*La Salle* v. *Peterson*, 220 Cal. 739, 740 [32 P.2d 612].)

As to the third count, the alleged constructive trust depends upon setting the judgment aside and that requires a showing of extrinsic fraud. (See *Federal Farm Mtg. Corp.* v. *Sandberg*, 35 Cal.2d 1, 4-5 [215 P.2d 721].)

issues in the condemnation suit. The applicable statute declares that before property may be taken in eminent domain "it must appear: 1. That the use to which it is to be applied is a use authorized by law; 2. That the taking is necessary to such use . . ." (Code Civ. Proc., § 1241.)[2]

■ The basic principle is that "there must be an end of litigation; and when parties have once submitted a matter, or have had the opportunity of submitting it, for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding, it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy. What, then, is an extrinsic or collateral fraud, within the meaning of this rule? Among the instances given in the books are such as these: Keeping the unsuccessful party away from the court by a false promise of a compromise, or purposely keeping him in ignorance of the suit; or where an attorney fraudulently pretends to represent a party, and connives at his defeat, or, being regularly employed, corruptly sells out his client's interest." (*Pico* v. *Cohn* (1891), 91 Cal. 129, 133-134 [25 P. 970, 27 P. 537, 25 Am.St.Rep. 159, 13 L.R.A. 336].)

■ ■ This principle and these rules still obtain. "The final judgment of a court having jurisdiction over persons and subject matter can be attacked in equity after the time for appeal or other direct attack has expired only if the alleged fraud or mistake is extrinsic rather than intrinsic. . . . Fraud or mistake is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. . . . If an unsuccessful party to an action has been kept in ignorance thereof . . . or has been prevented from fully participating therein . . ., there has been no true adversary proceeding, and the judgment is open to attack at any time. A party who has been given proper notice of an action, however, and who has not been prevented from full participation therein, has had an opportunity to present his case to the court and to

---

[2]During the period in question (from April 28, 1948, when the condemnation suit was filed, until January 20, 1949, when judgment therein was rendered, as alleged in the complaint herein) school districts did not enjoy the conclusive presumption declared in subd. (2) of § 1241. They did not obtain that benefit until the 1949 amendment of that section. (See Stats. 1949, ch. 802, p. 1539. Compare with the last preceding amendment, effected by Stats. 1935, ch. 254, p. 939.)

protect himself from any fraud attempted by his adversary. . . . Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court. Having had an opportunity to protect his interest, he cannot attack the judgment once the time has elapsed for appeal or other direct attack. . . ." (*Westphal* v. *Westphal* (1942), 20 Cal.2d 393, 397 [126 P.2d 105].)[3]

Two recent decisions are so like our own upon the facts that they furnish a complete answer to plaintiff's contention that she has pleaded extrinsic, not intrinsic, fraud. In *American Borax Co.* v. *Carmichael*, 123 Cal.App.2d 204 [266 P.2d 531], (a hearing by the Supreme Court was denied) the fraud consisted of alleged misrepresentations concerning the title to property involved in a quiet title action which induced the Borax Company to refrain from making a defense in the quiet title action. In *Levinson* v. *Bank of America*, 126 Cal. App.2d 122 [271 P.2d 632], Levinson alleged he had given the bank a promissory note for a loan of money to be paid to a certain corporation. Later the bank sued him upon the note. Allegedly falsely informed by representatives of the bank that the money had been advanced pursuant to the understanding, Levinson failed to present the defense of lack of consideration, which resulted in a judgment against him upon the note. In each of these two cases the alleged fraud was deemed intrinsic, not extrinsic, and therefore not actionable.

In view of our conclusion, it is unnecessary to consider other points urged by defendants in support of the judgment.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied December 3, 1954, and appellant's petition for a hearing by the Supreme Court was denied December 29, 1954. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.

---

[3]Intrinsic fraud may, under appropriate circumstances, furnish a basis for voiding a judgment when a party's adversary has concealed or misrepresented facts in violation of a duty arising from a trust or confidential relation (*Jorgensen* v. *Jorgensen*, 32 Cal.2d 13, 19 [193 P.2d 728]), but no such relationship obtains in the instant case.