[Civ. No. 26528.   Second Dist., Div. Four.   Mar. 19, 1963.]

NELLIE JANE HAMACHER, Plaintiff and Appellant, v. THE PEOPLE et al., Defendants and Respondents.

Phill Silver for Plaintiff and Appellant.

Stanley Mosk, Attorney General, Howard S. Goldin, Assistant Attorney General, N. B. Peek and Peter Graber, Deputy Attorneys General, for Defendants and Respondents.

BURKE, P. J.—Condemnation of ocean front property at Santa Monica, California, for public use, was decreed in favor of the State of California in an action in the superior court entitled *People* v. *Orr.*  A default judgment was duly entered therein against Nellie Jane Hamacher who is the plaintiff and appellant in the within action. In the condemnation action she was awarded $40,500 as the fair market value of her property. No motion for a new trial, appeal from the default judgment, appeal from the final order, or motion under section 473 of the Code of Civil Procedure was filed by her.

Some eight months after the entry of the default judgment in the condemnation proceedings plaintiff instituted the within action by filing a complaint containing six purported causes of action seeking to set aside the default judgment and final order on the alleged ground of extrinsic fraud.

Substantially, the causes of action consisted of charges of fraudulent concealment by the state:

1) Of the intended use of the property, namely, to transfer it to the City of Santa Monica (City) for automobile parking lot purposes.

2) That the City had an operating agreement with the state by the terms of which the use of such property for

"profit" was proscribed and that the state intended to permit such use, which is not a public use.

3) Of intended unlawful diversion of public funds for a private purpose, namely, engagement in a commercial enterprise for profit.

4) That the City was using adjacent land and intended to use the subject land as a revenue device and not in pursuance of its police powers.

5) Of the intended use of the subject land as a parking lot, resulting in a wrongful interference with and deprivation of the public use of the riparian rights therein, including those of plaintiff, in violation of public policy.

6) That the state failed to deposit the full amount of interest payable to defendant as a condition precedent to the entry of a final order of condemnation.

The complaint does not allege lack of proof of necessity, public use, or improper purpose as grounds for setting aside the judgment, but plaintiff raises these questions here on appeal.

Demurrers to the complaint, filed by both the state and the City, were sustained without leave to amend and judgment for defendants was duly entered from which plaintiff appeals.

█ It is recognized by both parties to this appeal that a judgment is immune from attack for intrinsic fraud, but is subject to attack for extrinsic fraud or extrinsic mistake.

█ The difference between extrinsic and intrinsic fraud is well explained in *Westphal* v. *Westphal*, 20 Cal.2d 393, 397 [126 P.2d 105] :

"Fraud or mistake is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. [Citations.] If an unsuccessful party to an action has been kept in ignorance thereof [citations] or has been prevented from fully participating therein [citation], there has been no true adversary proceeding, and the judgment is open to attack at any time. A party who has been given proper notice of an action, however, and who has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. [Citations.] Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court. Having had an opportunity to protect his interest, he cannot attack the judgment once the time has elapsed for appeal or other direct

attack. [Citations.]'' (See *Gale* v. *Witt* (1948) 31 Cal.2d 362, 365-367 [188 P.2d 755]; to the same effect: *Wyoming Pacific Oil Co.* v. *Preston* (1959) 171 Cal.App.2d 735, 743-744 [341 P.2d 732]).

The plaintiff here was properly served in the condemnation suit. No pleadings were filed by her although she had ample opportunity to raise any defenses of the nature included in her complaint in the within action to set aside the judgment. No allegations were made that she was prevented in any manner from having her day in court, nor were there any allegations of neglect or hardship resulting in denial of a fair trial. (See, 3 Witkin, California Procedure, Attack on Judgment in Trial Court, § 74 [1961 Supp. at p. 101].) ██ Alleged fraudulent concealment is the only basis upon which plaintiff attempts to nullify the judgment. Directly applicable is the case of *Thiriot* v. *Santa Clara etc. School Dist.*, 128 Cal.App.2d 548, 550-551 [275 P.2d 833], wherein the court upheld a judgment sustaining general demurrers to a complaint which charged that a school district and its employees conspired to condemn plaintiff's land and later sell it to others for commercial uses. The court held the alleged fraud, even though pertaining to the main issue in a condemnation case, namely, public use, was only intrinsic fraud and the judgment was immune from attack. (*Levinson* v. *Bank of America,* 126 Cal.App.2d 122 [271 P.2d 632]; *American Borax Co.* v. *Carmichael,* 123 Cal.App. 2d 204 [266 P.2d 531].)

Plaintiff further contends that the court prematurely entered the final order of condemnation because the state deposited the award for the land before the expiration of the time to appeal from the interlocutory judgment and did not include interest for the full period of time during which the plaintiff was permitted by law to determine whether she would appeal; that such is a violation of due process.

██ Section 1251 of the Code of Civil Procedure provides in part: ''The plaintiff must, within thirty days after final judgment, pay the sum of money assessed.'' This provision does not preclude payment of the award before the expiration of the 30-day period; it merely establishes a deadline for such payment. ''Defendant could not have been injured by the deposit having been made before the judgment was entered. The object of the statute is to require payment within (that is, before expiration of) a certain time. The judgment would not be void because the payment or deposit

was made before it became due and payable." (*County of Madera* v. *Raymond Granite Co.*, 139 Cal. 128, 132 [72 P.915, 989]; *Glenn County* v. *Johnston*, 129 Cal. 404 [62 P. 66].)

In *Bellflower City School Dist.* v. *Skaggs*, 52 Cal.2d 278, 282 [339 P.2d 848], the Supreme Court expressly stated that section 1251 "grants a stay of execution for the convenience of the condemner." Should plaintiff's interpretation prevail this "convenience" would become a liability requiring the state to pay unnecessary additional interest on every condemnation award and delaying the prosecution of needed public works.

In *Housing Authority of the City of Los Angeles* v. *Arechiga*, 203 Cal.App.2d 159, 165 [21 Cal.Rptr. 464], it is pointed out that where there is an incorrect deposit, ". . . the remedy of the condemnee is a motion made before entry of final decree to require an additional deposit, or after entry of final judgment a motion under section 473, Code of Civil Procedure, or one for a new trial, or an appeal." In the instant case the condemner had the right to deposit the award at any time within 30 days after final judgment with interest to that date.

It is unnecessary to decide whether or not it was necessary for condemner to prepay interest for the entire period within which condemnee might have appealed. Plaintiff is precluded from asserting any error here by her failure to take appropriate direct action otherwise permissible by the Code of Civil Procedure. It is noteworthy that the matter is now specifically covered by section 1255b of the Code of Civil Procedure providing prepayment of interest is not necessary.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.