Filed 6/12/25  Mykles v. State Personnel Board CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| EARL N. MYKLES, | C101271 |
| Plaintiff and Appellant, | (Super. Ct. No. STK-CV-UF-2021-0003191) |
| v. | |
| STATE PERSONNEL BOARD, | |
| Defendant and Respondent. | |

In 2007, plaintiff Earl N. Mykles was terminated by his employer, the State Compensation Insurance Fund (SCIF).  Mykles appealed the termination to defendant State Personnel Board (SPB).  In 2011, SPB approved a settlement of Mykles's claims. In 2021, Mykles filed suit against SPB, alleging that it had defrauded him and deprived him of his due process rights in the adjudication of his dispute with SCIF by failing to tell him he could have pursued his claims against SCIF with the Public Employment Relations Board (PERB) and failing to inform PERB about his claims.

1

The trial court sustained SPB's demurrer and dismissed Mykles's suit without leave to amend, finding numerous deficiencies in his complaint. We conclude that the court correctly determined that Mykles's claims were untimely and therefore affirm the judgment.

BACKGROUND

Because we are reviewing this matter on demurrer, we take the facts from the operative complaint and deem its allegations to be true for the purpose of determining whether it states a viable cause of action. (*Stevenson v. Superior Court* (1997) 16 Cal.4th 880, 885.) We may also consider facts of which the trial court properly took judicial notice. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 877; see also Evid. Code, § 459, subd. (a).)

Mykles began working at SCIF in 1989. In 2006, SCIF asked Mykles to attend work improvement plan meetings regarding his job performance. SCIF terminated his employment on March 20, 2007.

Represented by counsel provided by his union, Mykles appealed his termination and filed a separate whistleblower retaliation complaint with SPB. In 2011, the parties resolved their dispute, and SPB approved their stipulated settlement agreement. Under the settlement, Mykles received a monetary payment, among other benefits, in exchange for a general release of known and unknown claims and a waiver of Civil Code section 1542, among other concessions.

On March 20, 2013, Mykles learned that he could pursue a claim for unfair practices against SCIF with PERB based on the facts in his original two claims. He filed a claim with PERB in 2013; it was closed without prejudice that same year. Mykles also filed a lawsuit against the union and his union-provided legal counsel, alleging that he would not have agreed to the settlement with SCIF if counsel had informed him that he could file an unfair practice charge with PERB. The lawsuit was dismissed, and this court affirmed. (*Mykles v. Williams* (Mar. 1, 2017, C079338) [nonpub. opn.].)

2

In June 2018, Mykles filed another claim with PERB challenging SCIF's actions. PERB rejected the claim as untimely under the applicable six-month statute of limitations.

On April 13, 2021, Mykles filed the present action against SPB, alleging negligence, fraud, denial of due process, usurpation of PERB's jurisdiction, conflict of interest, and discrimination. The trial court granted SPB's motion for judgment on the pleadings but gave Mykles leave to amend.

In August 2022, Mykles filed the operative amended complaint. The complaint generally alleged that SPB acted fraudulently in adjudicating his claims against, and approving the settlement with, SCIF by, among other things, unlawfully exercising jurisdiction over the dispute without consulting with PERB (the agency with jurisdiction over the matter) and improperly approving a settlement that included a waiver of future claims. Based on this alleged misconduct, the amended complaint pleaded two causes of action: "Fraud on the PERB Court" and the denial of a property interest (his employment) without due process of law. Mykles's due process claim additionally alleged that Government Code section 3520, subdivision (b), a statute permitting petitions for writs of extraordinary relief from certain PERB decisions, is unconstitutional because it does not permit Mykles to file such a petition in response to his rejected PERB claim. The complaint sought $750,000 in compensatory damages, $2 million in punitive damages, injunctive relief, and a declaration that Government Code section 3520, subdivision (b) is unconstitutional.

In a written order, the trial court sustained SPB's demurrer to the amended complaint. The court granted judicial notice of various documents, including SPB's 2011 decision approving the stipulated settlement agreement, trial and appellate court records from Mykles's action against the union and union-provided counsel, and PERB's decision denying his 2018 claim. The court concluded that Mykles's fraud and due process claims failed as a matter of law because SPB was not responsible for counseling Mykles on the

3

settlement agreement or on the proper forum for his claims. SPB also enjoyed quasi-judicial immunity for approving the settlement agreement. Mykles additionally failed to exhaust administrative remedies under the Government Claims Act (Gov. Code, § 810 et seq.), and his claims were barred by the applicable statute of limitations. As to the statute of limitations, the court reasoned that any writ petition challenging an SPB decision should have been filed within six months, and any action alleging fraud was subject to a three-year limitations period. Mykles's claims accrued on February 25, 2011, when SPB approved the settlement agreement, and Mykles admitted that he discovered the alleged fraud on March 20, 2013, at which time he sued his former attorney and filed a claim with PERB. Yet Mykles did not file the current action against SPB until April 2021. The claims in his complaint were therefore time-barred.

The trial court also denied leave to amend, reasoning that Mykles had received an opportunity to amend his complaint but failed to cure the complaint's defects. The court also saw no reasonable possibility that Mykles could plead a viable claim. The court entered judgment in SPB's favor and dismissed the suit.

Mykles filed a timely notice of appeal.

DISCUSSION

"A demurrer tests the legal sufficiency of the factual allegations of a complaint to state a cause of action." (*Thornton v. California Unemployment Ins. Appeals Bd.* (2012) 204 Cal.App.4th 1403, 1411.) On appeal from a dismissal after an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it contains sufficient facts to state a cause of action under any legal theory. (*Silva v. Langford* (2022) 79 Cal.App.5th 710, 715.) In evaluating the complaint, we assume the truth of all material facts that are properly pleaded. (*Balikov v. Southern Cal. Gas Co.* (2001) 94 Cal.App.4th 816, 819.) We also accept as true facts that are reasonably implied or may be inferred from the complaint's express allegations. (*Ibid.*) We do not assume the truth of contentions, deductions, or conclusions of fact or law. (*Khodayari v. Mashburn*

4

(2011) 200 Cal.App.4th 1184, 1189.)  We also do not consider "the substance of declarations, matter not subject to judicial notice, or documents judicially noticed but not accepted for the truth of their contents."  (*Donabedian v. Mercury Ins. Co.* (2004) 116 Cal.App.4th 968, 994.)

Mykles challenges each of the grounds on which the trial court sustained SPB's demurrer.  Because we conclude that his claims are barred by the statute of limitations, we need not reach his other arguments.  (See *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1125, fn. 3.)

"Normally, resolving a statute of limitations defense is a question of fact. [Citation.]  However, on appeal from the sustaining of a demurrer, we must assume plaintiff['s] allegations to be true.  [Citation.]  As a result, the application of the statute of limitations is based on undisputed facts, and the issue becomes one of law.  [Citation.] 'We must take the allegations of the operative complaint as true and consider whether the facts alleged establish [plaintiff's] claim is barred as a matter of law.' "  (*Lauckhart v. El Macero Homeowners Assn.* (2023) 92 Cal.App.5th 889, 900.)

A petition for a writ challenging a decision of the SPB must be filed "within six months of the date of the final decision of the board."  (Gov. Code, § 19630.)  Fraud claims are governed by a three-year statute of limitations.  (Code Civ. Proc., § 338, subd. (d).)[1]  "Generally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.' "  (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806.)  "[T]he statute of limitations in a cause of action for fraud

---

[1]  Both the fraud and due process claims arise out of SPB's allegedly fraudulent conduct that prevented Mykles from pursuing a claim with PERB, and the trial court analyzed both claims using the statute of limitations for fraud and the applicable deadline for filing a writ petition to challenge an SPB decision.  Because Mykles confines his arguments on this issue to the fraud claim, any argument that his due process claim should be analyzed differently is forfeited.  (*Shaw v. Los Angeles Unified School Dist.* (2023) 95 Cal.App.5th 740, 754.)

'commences to run after one has knowledge of facts sufficient to make a reasonably prudent person suspicious of fraud, thus putting him on inquiry . . . .' " (*Cleveland v. Internet Specialties West, Inc.* (2009) 171 Cal.App.4th 24, 31; see also Code Civ. Proc., § 338, subd. (d) [fraud cause of action "not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud"].)

The allegations in the amended complaint establish that Mykles's claims are untimely. Mykles pursued his claims against SCIF before SPB between 2007 and 2011, and SPB approved the parties' settlement agreement in 2011. Mykles did not file a complaint in this case until April 2021, ten years later. Moreover, the amended complaint alleges that Mykles learned of his ability to file, and did file, a claim with PERB in 2013. That was eight years before he ultimately filed his original complaint against SPB. Mykles's action against SPB is therefore untimely.

Citing *Gale v. Witt* (1948) 31 Cal.2d 362, *Hamacher v. People* (1963) 214 Cal.App.2d 180, *Kenner v. C.I.R.* (7th Cir. 1968) 387 F.2d 689, and *United States v. Sierra Pacific Industries* (E.D.Cal. 2015) 100 F.Supp.3d 948, Mykles maintains that he is alleging "fraud on the court," or extrinsic fraud, and that there is accordingly no time limit for his claims. In *Gale*, our state Supreme Court explained that, where there is extrinsic fraud, " '[t]he final judgment of a court having jurisdiction over persons and subject matter can be attacked in equity after the time for appeal or other direct attack has expired.' " (*Gale*, at p. 365.) "[E]xtrinsic fraud is recognized as a proper ground for a collateral attack on a judgment that has been obtained under circumstances where the aggrieved party was deliberately kept in ignorance of the action or in some other way prevented from presenting a claim or defense." (*Herterich v. Peltner* (2018) 20 Cal.App.5th 1132, 1147; see also *Kuehn v. Kuehn* (2000) 85 Cal.App.4th 824, 834.) The cases Mykles cites involved challenges to a judgment: in *Gale* and *Hamacher*, the plaintiffs pursued actions in equity to set aside court judgments. (*Gale*, at pp. 364-365; *Hamacher*, at p. 181.) In *United States v. Sierra Pacific Industries*, the defendants filed a

6

motion to set aside a judgment after the time limitations under rule 60(b) of the Federal Rules of Civil Procedure (28 U.S.C.) had expired. (*United States v. Sierra Pacific Industries*, *supra*, at pp. 953-954.) And in *Kenner*, the petitioner applied to nullify an adverse tax court decision after it was final, asserting, among other things, that his attorneys failed to adequately represent him. (*Kenner*, at pp. 690-692.) This case is not similar. It does not seek to set aside a judicial decision, but rather is an independent tort suit against a state agency seeking damages. And even if Mykles's analogy to these cases applied, "[s]everal authorities hold that an equitable action to set aside a judgment obtained through extrinsic fraud or mistake" is itself "governed by the three-year statute of limitations in Code of Civil Procedure section 338, subdivision (d), including its discovery rule." (*Hudson v. Foster* (2021) 68 Cal.App.5th 640, 668, fn. 5 [citing cases].) The trial court did not err in concluding that Mykles's claims are time-barred.

The trial court also did not abuse its discretion in denying leave to amend. When a demurrer is sustained without leave to amend, we decide "whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "[T]he burden is on the plaintiff to demonstrate that the trial court abused its discretion." (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.) A plaintiff "must show in what manner he [or she] can amend his [or her] complaint and how that amendment will change the legal effect of [the] pleading." (*Ibid.*) "Although 'such showing may be made in the first instance to the appellate court,' the plaintiff and appellant 'must still offer details on how the amendment would cure the defects.' " (*Moore v. Centrelake Medical Group, Inc.* (2022) 83 Cal.App.5th 515, 537.)

Mykles does not seek to show that he could amend his allegations, arguing instead that his complaint requires no amendment to correct. Where, like here, " ' "the appellant offers no allegations to support the possibility of amendment and no legal authority

7

showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend." ' " (*Murphy v. Twitter, Inc.* (2021) 60 Cal.App.5th 12, 42.)  Moreover, Mykles received a previous opportunity to amend after the trial court sustained SPB's demurrer to the original complaint, yet his amended complaint failed to plead viable claims.  This too supports the reasonableness of the trial court's decision.  (*Lee v. Interinsurance Exchange* (1996) 50 Cal.App.4th 694, 724 ["it is proper to sustain a demurrer without leave to amend if it is probable from the nature of the defects and previous unsuccessful attempts to plead that plaintiff cannot state a cause of action"].)

DISPOSITION

The judgment is affirmed.  SPB shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


 /s/                              
FEINBERG, J.



We concur:



 /s/                              
EARL, P. J.



 /s/                              
MESIWALA, J.

8