Filed 4/25/25  Mehr v. Korbin CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| TINA MEHR, | B335052 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21STCP03391) |
| v. | |
| JORDANA KORBIN, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lia Martin, Judge.  Reversed and Remanded.

Tina Mehr, in pro. per.; Pine Tillett, Norman Pine, Neo Khuu and Scott Tillett for Plaintiff and Appellant.

Pyle Sims Duncan & Stevenson and Susan C. Stevenson for Defendant and Respondent.

# INTRODUCTION

Appellant Tina Mehr (Mehr) and respondent Jordana Korbin (Korbin) agreed to arbitrate an attorney fee dispute. At Korbin's request, the trial court entered judgment confirming the award. Over a year later, Mehr moved to set aside the judgment pursuant to the court's equitable power to correct extrinsic mistakes. The court denied the motion, reasoning its equitable power was limited only to the default context. We hold the court's equitable power is not so limited, and remand for the trial court to determine whether Mehr has met the required elements for relief.

# FACTS AND PROCEDURAL BACKGROUND

From 2017 to 2020, Mehr represented Korbin in multiple employment litigation matters. In 2020, Korbin reached a global settlement, resolving her claims in exchange for $375,000.

Korbin received a net amount of $7,904.14[1] from those funds, and Mehr received a net amount of $188,563.38, with the remainder held in Mehr's client trust account pending resolution of a dispute between Korbin and Mehr over Mehr's bill. Mehr claimed fees and costs amounting to $367,095.86, but Korbin claimed the correct total was $146,898.77—less than Mehr had already received.

---

[1]    $7,904.14 represents the amount of the settlement ($375,000) minus Mehr's claimed fees and costs ($367,095.86). It is not clear from the record exactly to whom or in what increments the settlement funds were paid out. However, disbursements were made to both Mehr and Korbin, and the amount of Mehr's net receipt ($188,563.38) plus the amount in the trust account ($178,532.48) equals Mehr's total bill of $367,095.86.

## I.  *Arbitration*

The parties agreed to submit their dispute to binding arbitration before a three-arbitrator panel, which was held in June 2021.  Both parties claimed entitlement to all the funds remaining in the trust account, and Korbin claimed Mehr should disgorge some of the fees that had already been paid.  The arbitrators issued their award on August 31, 2021.  They awarded Mehr the fees she had already received and divided the remaining funds between the parties: $17,853.25 to Mehr, for a total fee and cost award of $206,416.63, and $160,679.23 to Korbin.  Mehr was to disburse Korbin's share from the client trust account, and Korbin was to pay the arbitration filing fee.

## II.  *Court Judgment*

On October 12, 2021, Mehr filed a petition to vacate the award, asserting the award was obtained by unfair means, the award exceeded the arbitrators' authority, there was arbitrator misconduct, the arbitrators refused to hear evidence, and the arbitrators failed to make required disclosures.  On October 21, 2021, Korbin filed a response requesting confirmation of the award.

On November 29, 2021, Korbin filed a petition to confirm the award.  On December 1, 2021, Korbin filed an ex parte application seeking to advance the hearing date for her petition.  Mehr did not respond to the application or make an appearance.  The trial court granted the application and scheduled a hearing on Korbin's petition for January 5, 2022.

Mehr did not respond to Korbin's petition, nor did she appear at the hearing.  The court granted the petition to confirm the award and set a "Default Prove Up Hearing for determination of cost and fees" for January 12, 2022.  Korbin filed a request for fees and costs incurred on the petition to

3

confirm; Mehr did not respond and did not appear at the hearing. On January 12, 2022, the court entered judgment in favor of Korbin, awarding the $160,679.23, plus prejudgment interest and Korbin's requested fees and costs. Korbin served notice of entry of judgment by mail the next day, January 13, 2022.

### III.    *Motion to Set Aside*

On June 30, 2023, Mehr filed a motion to set aside the judgment, which she amended shortly thereafter. The motion rested on two alternate grounds: Code of Civil Procedure section 473.5[2] and the equitable doctrine of mistake. Mehr argued she was prevented from responding to Korbin's petition, or appearing at the hearing, by an incident of domestic violence and resulting medical issues. She contended she had been diligent in moving for relief as soon as her medical condition and other practicalities allowed, and she had a meritorious case to present.

Korbin opposed the motion, arguing it was untimely under section 473.5, and section 473.5 did not apply anyway because the judgment entered against Mehr was not a default judgment. Korbin also claimed that Mehr's assertions regarding a meritorious defense were moot, that Mehr had notice of the hearing on the petition to confirm the award, and that the judgment was no longer subject to appeal. Korbin's opposition did not address the equitable doctrine of mistake, nor did it directly dispute Mehr's statements of fact.

The trial court heard and denied the motion on August 23, 2023. The court ruled section 473.5 did not apply because the judgment against Mehr

---

[2]    All future statutory references are to the Code of Civil Procedure, unless otherwise stated.

4

was not a default judgment. It ruled the equitable doctrine of mistake did not apply for the same reason. It observed that relief was unavailable under section 473, subdivision (b) because the time limit for relief under that subdivision had run. Finally, the court suggested Mehr could have made a motion for reconsideration under section 1008, but found that such a motion would also have been untimely.

Mehr timely appealed.[3]

## DISCUSSION

On appeal, Mehr abandons her argument regarding section 473.5[4] and focuses instead on her argument that the court should have granted equitable relief based on extrinsic mistake. We agree that the trial court erred in deciding equitable relief is limited only to situations where default or default judgment has been entered. Therefore, we remand to allow the court to determine in the first instance whether Mehr has satisfied the required elements for equitable relief based on extrinsic mistake.

I. *Governing Standard*

"One ground for equitable relief is extrinsic mistake—a term broadly applied when circumstances extrinsic to the litigation have unfairly cost a party a hearing on the merits." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981.) "'[T]he ground of relief is not so much the fraud or other misconduct of

---

[3]    The third volume of appellant's appendix contains records of a motion to compel arbitration brought by Mehr in the trial court, and denied by that court, after this appeal was filed. That proceeding has not been directly placed at issue here and we express no opinion about it.

[4]    For this reason, we need not discuss Korbin's arguments concerning compliance with section 473.5.

5

the defendant as it is the excusable neglect of the plaintiff to appear and present his claim or defense.'" (*Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 471 (*Kulchar*), quoting 3 Witkin, Cal. Procedure (1st ed. 1954) p. 2128.)  It may apply, among other situations, "when the complaining party was disabled at the time the judgment was entered."  (*Id.* at p. 472.)

"[T]he party seeking equitable relief on the grounds of extrinsic fraud or mistake must show three elements: (1) a meritorious defense; (2) a satisfactory excuse for not presenting a defense in the first place; and (3) diligence in seeking to set aside the . . . judgment once discovered." (*Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 750.)  We review the trial court's decision to award or deny equitable relief for abuse of discretion.  (*Id.* at p. 749.)  "[The] failure to exercise discretion is an abuse of discretion." (*Riskin v. Downtown Los Angeles Property Owners Association* (2022) 76 Cal.App.5th 438, 445 (*Riskin*).)

II.    *Analysis*

Parties may seek equitable relief from any final judgment.  (See *In re Marriage of Park* (1980) 27 Cal.3d 337, 342.)  Korbin cites no case for the proposition, and does not argue, that equitable relief is limited to the context of defaults.  In her opening brief, Mehr cites a series of cases that applied equitable relief in contexts other than default or default judgment.  (See, e.g., *Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1025 [acknowledging trial court's ability to vacate a vexatious litigant designation]; *Aldrich v. San Fernando Valley Lumber Co.* (1985) 170 Cal.App.3d 725, 737–741 [vacating order of dismissal].)

As already noted, Korbin's brief in the trial court did not discuss the issue of equitable relief.  In the absence of such briefing, the court relied on

6

*Bae v. T.D. Service Co. of Arizona* (2016) 245 Cal.App.4th 89 (*Bae*) in determining that equitable relief was limited to default cases. The cited portion of *Bae* says, "courts have the inherent authority to vacate a default and default judgment on equitable grounds such as extrinsic fraud or extrinsic mistake." (*Id.* at p. 97.) However, the panel in *Bae* was discussing a default case. (*Id.* at p. 93.) *Bae* held equitable relief applied to the default case then at hand; it did not thereby limit equitable relief to default cases.

Tacitly conceding Mehr was entitled to seek equitable relief here, Korbin argues Mehr cannot obtain that relief for other reasons.[5] First, Korbin argues the arbitration was a hearing on the merits of Mehr's claim, and therefore Mehr has "fully litigate[d]" her position. This ignores the difference between a hearing on the merits of Mehr's claim for fees and a hearing on the merits of a petition to confirm or vacate the arbitration award. Mehr has not had the latter.

Next, Korbin argues Mehr's illness does not constitute a "mistake" that would entitle Mehr to equitable relief. However, as noted above, one of the examples of "mistake" listed by the California Supreme Court in *Kulchar* is when a party is kept from appearing by disability. (*Kulchar, supra,* 1 Cal.3d at p. 472, citing *Watson v. Watson* (1958) 161 Cal.App.2d 35 [respondent in a

---

[5] Before reaching this issue, Korbin argues Mehr's appeal is barred by California Rules of Court, rules 8.104 and 1615(d). As Mehr points out, one of these citations is in error: former rule 1615(d) has been renumbered as rule 3.828 and applies only to judicial arbitration initiated under section 1141.10. (§§ 1141.10 et seq.; Cal. Rules of Court, rule 3.810; see also *Porreco v. Red Top RV Center* (1989) 216 Cal.App.3d 113, 118–119 [general arbitration and judicial arbitration follow separate and mutually exclusive statutory schemes].) The other citation, to rule 8.104, which establishes the time to appeal from a judgment, is irrelevant; a final judgment can be challenged in equity even after the time for appeal has expired. (*Westphal v. Westphal* (1942) 20 Cal.2d 393, 397.)

divorce action was pregnant and without support in California].)  Korbin further argues Mehr's sworn declaration was not sufficient to establish any mistake because it was self-serving.  But Korbin has forfeited this argument by failing to cite supporting legal authority.  (See *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287.)  Korbin briefly asserts that the mistake here was intrinsic to the proceedings, not extrinsic, relying on a block quote from *Westphal v. Westphal, supra,* 20 Cal.2d 393, and no other analysis.  Because she has not developed this argument, it has also been forfeited.  (*Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 554–555.)

Finally, Korbin argues Mehr failed to meet one of the required elements for equitable relief—diligence.  But this presents a factual question for the trial court to decide in the first instance.  (See *Bombardier Recreational Products, Inc. v. Dow Chemical Canada ULC* (2013) 216 Cal.App.4th 591, 605.)  The trial court did not decide this question because it believed its equitable powers were restricted to a default context.  That failure to exercise discretion is itself an abuse of discretion.  (See *Riskin, supra,* 76 Cal.App.5th at p. 445.)

"We are neither authorized nor inclined to substitute our judgment for the judgment of the trial court."  (*In re Marriage of Baker* (1992) 3 Cal.App.4th 491, 498.)  Korbin did not brief the issue of equitable relief for the trial court.  Nor did the trial court have a proper chance to evaluate Mehr's evidence.  We will not attempt to evaluate that evidence here, or resolve any other factual question for the first time on appeal.  Therefore, we remand so the trial court may exercise its discretion, which includes the power to order or accept additional briefing if necessary or appropriate.

## DISPOSITION

The order of the trial court denying appellant's motion to set aside the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.  Appellant shall recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, Acting P. J.

WE CONCUR:


MORI, J.


DAUM, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.